Hildreth *v.* Overseers of Poor.

---

JONATHAN HILDRETH v. THE OVERSEERS OF THE POOR in the Township of Hopewell in the County of Cumberland.

The Court of General Quarter Sessions of the Peace, on appeal from an order of affiliation, have authority to issue a commission, to take the deposition of a foreign witness.

Appeals from orders of removals in settlement cases, and from orders of affiliation and maintenance, are within the description "an action or suit of a civil nature." *Rev. Laws*, 516.

The requisitions of the statute, *Rev. Laws*, 546, 438, are substantially and sufficiently fulfilled, when upon the commission, produced by the clerk and appearing duly filed, is endorsed a certificate by one of the justices of the court, from and by whom, and when he received it, with his name subscribed thereto, and annexed, is an affidavit, made on the same day, before the same justice in the terms of the statute, though the justice does not certify in the endorsement, that he had opened it, and delivered it to the clerk of the court.

This was a certiorari directed to the justices of the Court of General Quarter Sessions of the Peace of the County of Cumberland, to remove into this court an order, made by them, for the affiliation and maintenance of an illegitimate child.

*Field,* for the plaintiff in certiorari.

EWING, C. J.    Upon the hearing of an appeal from an order for the affiliation and maintenance of an illegitimate child Jonathan Hildreth, the appellant, offered in the Court of General Quarter Sessions of the Peace of the County of Cumberland, the deposition of a witness taken under a commission issued out of that court.    Two objections were made by the appellees to the admissibility of the deposition ; 1st, that the court had no authority to issue a commission to take the deposition of a foreign witness, and 2d, that the member of the court, one of the justices, to whom the commission on its return had been delivered had not made upon it a proper indorsement or certificate before he delivered it to the clerk to be filed.    On one or both of these grounds, the court refused to allow the deposition to be read, and at the request of the appellant made a state of the case, which is brought here by certiorari.

1. Authority is given by statute to the courts of General Quarter Sessions of the peace to issue commissions to take the depositions of witnesses, " in any action or suit of a civil nature." *Rev. Laws,* 546.    This mode of expression is used in contradistinction to the criminal jurisdiction of the court and to prevent a conclusion which might have been inferred from a general grant of power, that the depositions of witnesses were to be taken and used on the trial of indictments.    There is no case in which an action of a civil nature is originally commenced in that court.    Such causes are brought there from some subordinate tribunal ; and they are chiefly, appeals from orders of removal in settlement cases, and from orders, like the present, for affiliation and maintenance.    The latter as well as the former are within the description, " an action or suit of a civil nature," giving to the words even a strict construction, and not that liberal acceptation which they deserve in order to advance justice and facilitate the investigation of truth by the aid of testimony which, from sickness or infirmity of witnesses or their absence out of the jurisdiction of the state, might not otherwise be procured.    An order of affiliation and maintenance is not for the punishment or prevention of crime, or for the reformation of morals, but to compel the putative father to pay for the maintenance of his illegitimate offspring,

and thus to protect the township from any charge for its support. The proceeding therefore is strictly of a civil nature. And the court had in the present instance ample power and authority to issue the commission in question.

2. The statute directs that the commission when executed, shall be returned, closed up and under seal, and delivered to one of the justices of the court, and if not so delivered by the commissioner, an oath or affirmation shall be made, by the person delivering it, that he received it from the hands of the commissioner and that it has not been opened or altered since he so received it. And the justice " shall then open the same and endorse on the commission from and by whom he received the same and subscribe his name to the said endorsement and shall then deposit the said commission and return with the said affidavit, in the office of the clerk of the said court." *Rev. Laws,* 546, 438, *sec.* 2.

When the deposition was offered in evidence it was produced with the accompanying documents by the clerk of the court from the files of his office. It was open, and bore his certificate of having been filed by him. Upon the commission was endorsed a certificate by one of the justices of the court, setting forth from and by whom, and when he received it, with his name subscribed thereto, and annexed was an affidavit made on the same day before the same justice in the terms of the statute. But the justice had not certified in the indorsement that he had opened it and delivered it to the clerk and on this ground resistance was made to reading the deposition. The court at the instance of the appellant, permitted the justice to endorse another certificate containing these additional matters. And the evidence, being again offered, was rejected.

We are of opinion, that independently of the additional certificate, the requisitions of the statute had been substantially and sufficiently fulfilled, and that the deposition ought to have been admitted. It is the duty of the justice to open the commission and deliver it to the clerk. It is made his duty to endorse upon it from and by whom he received it; and although it is perhaps more usual and for some reasons commendable, that he should state in his certificate that he opened it, the affidavit being first made, yet he is not required to do so by the

terms of the statute, and such certificate is not therefore an indispensable preliminary. The affidavit shewing that the commission came, closed up, into the hands of the justice; his endorsement on it of the same date; the endorsement and production of it by the clerk, and the legal presumption that the justice as an officer, fulfilled his duty, were at least prima facie evidence that it was opened and delivered to the clerk by him.

The court erred in overruling the evidence, and the order made by them in this case should be set aside.

· FORD, J. and DRAKE, J. concurred.

CITED in *Daily* v. *Overs. Woodridge*, 1 Zab. 494.