STATE OF CONNECTICUT *v.* EARL CHISOLM

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued April 4—decided June 5, 1973

*Igor I. Sikorsky, Jr.,* for the appellant (defendant).

*George D. Stoughton,* chief assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

PER CURIAM. On a trial to the court,[1] the defendant was found guilty of the crimes of (1) possession of narcotics with intent to sell in violation of §§ 19-480 (a) and 19-452 of the General Statutes; (2) possessing a narcotic drug in violation of §§ 19-481 (a) and 19-452; (3) possessing marijuana with intent to sell in violation of §§ 19-480 (a) and 19-452; and (4) having a controlled drug other than a narcotic drug under his control in violation of §§ 19-481 (b) and 19-452.

All other assignments of error having been abandoned either by the defendant's failure to brief

---

[1] At one point in the printed record the trial is erroneously referred to as a trial by a jury.

them; *State* v. *Grayton,* 163 Conn. 104, 109, 302 A.2d 246; or by having been expressly abandoned during oral argument, the sole issue presented for our consideration is the claim that the court erred in concluding from the evidence that the defendant was guilty beyond a reasonable doubt of the foregoing charges. Such a claim is tested by reviewing the evidence printed in the appendices to the briefs together with such exhibits as are made a part of the record on appeal. *State* v. *Delgado,* 161 Conn. 536, 540, 290 A.2d 338; *State* v. *Stallings,* 154 Conn. 272, 283, 224 A.2d 718; *State* v. *Davis,* 153 Conn. 228, 229, 215 A.2d 414. Applying that test to the present case, we find that the trial court had before it evidence sufficient to establish the facts hereinafter set forth.

A large quantity of drugs of the type charged in the information together with materials for packaging drugs was found by the police in a bin in the cellar of a three-family apartment house either wholly owned by the defendant or jointly owned by the defendant and his wife at the time of, and for a period of about ten years prior to, the incident involved here. The defendant had not lived in the building since the early sixties and had rented out the three apartments therein to various tenants. He had been seen in the cellar many times during the four years preceding this incident "carrying things" and walking toward the bin. The bin was secured by a padlock which could be opened by a key found on the person of the defendant when he was arrested for another offense. The defendant's wife never went to the cellar and although the tenants were permitted to use the cellar and some of them had keys to unlock the cellar door padlock, all of them testified either that they did not know whether the

bin was locked or that they never had tried to unlock the bin and did not know whether the key to the cellar would fit the padlock on the bin. Although a key belonging to one of the tenants was used to unlock the cellar door padlock to admit the police officers into the cellar, the police were unable to obtain a key to the bin padlock at the time they decided to search the bin and had to force it open. From the foregoing evidence the court concluded that the defendant was guilty as charged and so found.

It is for the trial court to pass on the weight and credibility of the evidence and its conclusions, if reasonably reached, must be accepted. *State* v. *Annunziato,* 145 Conn. 124, 135–36, 139 A.2d 612; *State* v. *Dodez,* 120 Conn. 216, 219, 179 A. 653. From an examination of the appendices to the briefs, however, it is clear that there was not sufficient evidence before the court to establish beyond a reasonable doubt that the defendant had possession or control of narcotics. No one saw the defendant with narcotics; no one saw the defendant in the bin; no one saw the defendant place anything in the bin or remove anything from it. No tenant testified that his or her key would not unlock the padlock on the bin and no testimony was offered which would establish that the defendant's key was the only key which would unlock the padlock on the bin. Boiled down to its essentials, the only evidence of the defendant's culpability was that he had a key which unlocked a padlock to a bin in the cellar of a multiple dwelling which he owned but in which he did not live and the additional fact that narcotics were found in the bin. The state has failed to establish a sufficient connection between the defendant and the narcotics

found in the bin to warrant the conclusion, beyond a reasonable doubt, that the defendant was guilty of the crimes charged.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty of the crimes charged.