STATE OF CONNECTICUT *v.* PETER VILLANO, JR.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 15—decision released December 5, 1978

*Thomas F. Brown,* for the appellant (defendant).

*John H. Durham,* deputy assistant state's attorney, with whom, on the brief, was *Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

PER CURIAM. The court's finding is substantially as follows: The home of Mr. and Mrs. William J. Doyle, 157 Armory Street, Hamden, has nine rooms on three floors. On July 2, 1976, the Doyle family arranged to be away for the Fourth of July weekend, leaving on Friday and returning on Monday. They arranged with the defendant, a neighbor, to take care of their dog, agreed on a price and gave the defendant the key to the back door. This was the only time the Doyles had ever asked the defendant to care for their dog.

The Doyles returned from their holiday weekend on Monday evening and noticed the shades drawn in the dining room. When they entered the dining room, they saw that two silver candlesticks were missing. Upon examining the inside of the credenza they discovered that silverware and other items were missing. Investigation on the second floor revealed that some jewelry in boxes located in a closet was missing. No other articles appeared to be missing.

All the doors and windows, including those in the cellar, were found locked. There was no sign of a forced entry. The Doyles had not given anyone but the defendant permission to enter their home and no one else had a key to the premises.

The police were called, and when a police detective came he checked the entire house for forced entry. He then interviewed the defendant at his home in

the presence of his father. The defendant told the detective that he had been in the Doyle home earlier that day and had noticed that the candlesticks were missing and that the children's banks which had been on the second floor were gone. He stated that he had not reported the missing articles to the police as he felt this was the responsibility of the Doyles. Neither the Doyles nor the detective was aware that the children's banks were missing until the defendant mentioned the loss to the detective.

The sole claim of error is that the evidence was insufficient to support a guilty verdict. It was for the trial court to determine the weight and credibility of evidence, and its conclusions, if reasonably reached, must be accepted. *State* v. *Annunziato,* 145 Conn. 124, 135–36, 139 A.2d 612; *State* v. *Dodez,* 120 Conn. 216, 219, 179 A. 653. From an examination of the finding made by the court, it is clear that there was not sufficient evidence before the court to establish beyond a reasonable doubt that the defendant was guilty of the crimes charged.

Boiled down to its essentials, the only evidence of the defendant's culpability was that he had opportunity to commit the crime of larceny and knew that it had been committed. " 'Opportunity' is no more than one circumstance which, coupled with others, might be sufficient, but standing alone proves nothing." *State* v. *Skinner,* 132 Conn. 163, 167, 43 A.2d 76. Nor does his knowledge of the larceny elevate this circumstance to a connection between him and the larceny in light of the fact that he not only had permission to enter the Doyle dwelling but was paid to do so in order to take care of the dog. His observation that the banks were missing under these circumstances is insufficient to establish a connection

between him and the larceny. Although it is true that a conviction may be supported wholly by circumstantial evidence, that evidence must be sufficient to prove guilt beyond a reasonable doubt. The finding of facts by the court is insufficient to establish guilt of the defendant to that degree. *State* v. *Chisolm,* 165 Conn. 83, 85, 328 A.2d 677; *State* v. *Mayell,* 163 Conn. 419, 428, 311 A.2d 60.

There is error, the judgment is set aside and the case is remanded to the Appellate Session of the Superior Court with direction to review the judgment of the trial court in accordance with this opinion.