STATE OF CONNECTICUT *v.* THOMAS W. UDE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 908

Argued September 8—decided October 24, 1980

*Thomas W. Ude,* pro se, the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

ARMENTANO, J. The evidence will support the following facts: On April 23, 1979, at approximately 9:30 p.m., the defendant came up to the victim in the Savin Rock Laundry in West Haven and sprayed him with a chemical substance. The victim felt a stinging sensation and developed a rash on the side of his face. The defendant admitted the doing of the act. There appears to be no legitimate provocation or reason for the spraying of the victim by the defendant. In a trial to the court, the defendant was found guilty of breach of the peace in violation of General Statutes § 53a-181. He appeals to this court.

During the trial of the case, the defendant attempted to show that previous to the incident at the laundry, he had signed an affidavit charging another person with the crimes of assault and robbery, but the prosecutor refused to order an arrest. The trial court refused to hear this complaint because it had nothing to do with the matter before the court.

The defendant appeals, claiming (1) that there is insufficient evidence to support a finding of guilty, and (2) that he was denied equal treatment of the law because the prosecutor refused to act on his complaint of assault and robbery by another person.

"It [is] for the trial court to determine the weight and credibility of evidence, and its conclusions, if reasonably reached, must be accepted." *State* v.

*Villano,* 176 Conn. 301, 303, 407 A.2d 969 (1978). We have examined the evidence, and it amply and adequately supports the trial court's judgment of guilty. No erroneous ruling of law was made by the trial court.

The trial court was correct when it refused to hear the defendant's complaint against the prosecutor for his failure to seek an unrelated arrest of another person based on his affidavit. This was a separate and foreign matter unconnected with the case on trial and was not material or relevant to it. "The trial court has broad discretion in determining the relevancy of evidence." *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715 (1971). We find no abuse of this broad discretion.

If the defendant is unhappy with the conduct of the prosecutor, or has a complaint against him for his inactivity, neither this court, nor the trial court, is the proper forum in which to raise his unhappiness or complaint.

There is no error.

In this opinion SHEA and BIELUCH, Js., concurred.