## COMMISSIONER OF WELFARE *v.* EDWARD BERNARD RYNECKI

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 906

Argued September 8 – decided December 26, 1980

*Eddi Z. Zyko,* for the appellant (defendant).

*Carl R. Ajello,* attorney general, and *Stephen J. McGovern,* assistant attorney general, for the appellee (plaintiff).

ARMENTANO, J. The defendant has appealed from a judgment for the plaintiff in a paternity action, raising six issues in his brief. He claims that the court erred in denying his motion to dismiss, his motion for a nonsuit, his motion for a directed verdict, and his motion for a new trial. He also claims that the court erred in failing to find that the paternity statutes are not in compliance with 42 U.S.C. § 654 (1976), and in failing to find that the mother's attorney violated the Code of Professional Responsibility by initiating this action. We will deal with these claimed errors in the order in which they arose at the trial.

I

The first issue is whether the court erred in denying the defendant's motion to dismiss. The basis for this motion is that the court lacked subject matter jurisdiction because of the unconstitutionality of the paternity statutes, General Statutes §§ 46b-160 through 46b-179.

The trial court based its denial of the motion to dismiss on *State* v. *Muolo,* 119 Conn. 323, 176 A. 401 (1935), which held that a court of limited jurisdiction, such as a city court, should not rule on the constitutionality of a statute unless the case presents the clearest ground or unless it is necessary in order to safeguard the rights of the litigants. The trial court's reliance on *Muolo,* supra, is misplaced. The Superior Court is a court of general jurisdiction, and may con-

sider all matters not specifically delegated to some other court. *Heiberger* v. *Clark,* 148 Conn. 177, 189, 169 A.2d 652 (1961). The defendant, however, had an opportunity to raise the constitutional issues again on appeal. Two of those claims, that the statute violates the defendant's rights to due process and to equal protection, were not briefed on appeal and will be considered abandoned. *Healy* v. *White,* 173 Conn. 438, 441, 378 A.2d 540 (1977). The third claim, discussed below, that the statutes violate a federal statute which preempts them, is without merit. Therefore, the court's error in refusing to hear the constitutional questions presented on the motion to dismiss is harmless.

## II

The second issue which we will consider is the defendant's claim that the trial court erred in failing to find that the paternity statutes are unconstitutional in that they violate a federal statute which preempts them. As mentioned above, this claim was raised in the motion to dismiss. The defendant argues that 42 U.S.C. § 654 (1976)[1] requires a determination of the best interests of the child before a paternity action can be brought. He reasons that since this determination was not required by the Connecticut paternity statutes, the preempting federal law has been violated. We need not reach the question of whether the Connecticut statutes are actually preempted because the defendant reads the federal statutes

---

[1] Section 654 of 42 U.S.C. (1976) provides in pertinent part: "A State plan for child support must . . . (4) provide that such state will undertake —

(A) in the case of a child born out of wedlock with respect to whom an assignment under section 602 (a) (26) of this title is effective, to establish the paternity of such child, unless the agency administering the plan of the State under part A of this subchapter determines in accordance with the standards prescribed by the Secretary pursuant to section 602 (a) (26) (B) of this title that it is against the best interests of the child to do so . . . ."

incorrectly. Under 42 U.S.C. § 602 (a) (26) (1976),[2] a state welfare plan must provide that in order for an applicant to be eligible for state aid, she must assign any rights for support to the state. The statute cited by the defendant, 42 U.S.C. § 654 (1976), then provides that where such an assignment is effective, the state must undertake to establish paternity or to determine that it is not in the best interests of the child to do so. Under the applicable regulations the requirement that a best interests of the child determination be made does not come into play unless the mother fails to cooperate in a paternity action. 45 C.F.R. §§ 232.11 through 232.49 (1979). The defendant relies on *Doe* v. *Maher,* 414 F. Sup. 1368 (1976). That case is inapplicable here. It deals with General Statutes § 52-440b (now § 46b-169) which concerns compelling the mother to name the putative father. That statute was not at issue in this case. The court did not err in finding that the application of General Statutes §§ 46b-160 through 46b-179 to the defendant in the present case did not violate the provisions of a superseding federal statute.

## III

The next three issues raised by the defendant concern the trial court's denial of three motions which the defendant made after the trial. These were a motion for a new trial, a motion for a directed verdict, and a motion for nonsuit. The defendant claims that the court erred in denying each of these motions. For the reasons stated below, we find no error in the denial of any of these motions.

[2] Section 602 of 42 U.S.C. provides in pertinent part: "(a) A State plan for aid and services to needy families with children must . . . (26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required –

(A) to assign the State any rights to support from any other person such applicant may have (i) in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and (ii) which have accrued at the time such assignment is executed . . . ."

We will deal first with the motion for a new trial. This motion was based on the inability of the defendant to present an adequate defense because of the failure of the commissioner of welfare to appear at the trial in response to a subpoena issued by the defendant. The claim that the presence of the commissioner was necessary for the presentation of the defense was never made at the trial. The transcript reveals that the only claim made during the trial was that the presence of the commissioner was required in order for the defendant to put on the motion to dismiss. The defendant also failed to present to the trial court any evidence that the subpoena had been served. The defendant could have moved for a continuance on account of the absence of a material witness, pursuant to Practice Book § 280. Since he failed to do so, the trial court was correct in denying his motion for a new trial.

The trial court was also correct in denying the motion for a directed verdict. This motion was brought improperly. Such a motion is appropriate for jury trials only, and should be made after the presentation of evidence by both parties, but before the arguments begin. Practice Book, 1978, § 321; *Haag* v. *Beard Sand and Gravel Co.*, 151 Conn. 125, 127, 193 A.2d 711 (1963). The defendant based his motion for a directed verdict in part upon the failure of the commissioner to appear, which ground, as discussed above, is without merit. He also based this motion on the insufficiency of the evidence. In reviewing the evidence, the defendant makes much of the results of an ultrasound test given on February 15, 1978. At that time, the test indicated a thirty-five week gestation period. The defendant claims that, counting back thirty-five weeks, this would have required the mother to have become pregnant on June 14 or 15, 1977. The defendant, however, presented no evidence as to the accuracy of the test or the meaning of the

thirty-five week gestation period. The mother testified that after the ultrasound test she was told that she must have become pregnant on June 26, 1977. She also testified that she began having intercourse with the defendant at the end of June, and that she was having intercourse with no one else at that time. There was also evidence of constancy of accusation. Three witnesses testified that the mother had named the defendant as the father. It is the province of "the trial court to determine the weight and credibility of evidence, and its conclusions, if reasonably reached, must be accepted." *State* v. *Villano*, 176 Conn. 301, 303, 407 A.2d 969 (1978). There was sufficient evidence for the court to have rendered a judgment in favor of the plaintiff.

The motion for nonsuit was based on Practice Book § 351. This section states that a party may be nonsuited if he "fails to comply with an order of court or a citation to appear or fails without proper excuse to appear for trial." The defendant's argument is that the commissioner was the real party in interest, and his failure to respond to the subpoena was a failure to comply with an order or citation of the court. A subpoena is a method for compelling the attendance of a witness, but it is not an order or citation of the court. As discussed above, the necessity of having the commissioner present for the presentation of the defense was never raised at the trial. The court did not err in denying the defendant's motion for nonsuit.

## IV

The final issue raised by the defendant is that the court erred in failing to dismiss the case on the ground that the action in concert of the state and the attorney for the mother was a violation of the Code of Professional Responsibility and the defendant's constitutional rights. These claims were not raised at the trial. In fact, they were not raised until the defendant

filed a motion for extension of time and order to remand with this court on January 7, 1980. The grounds for this claim did not arise subsequently to trial, nor does the action complained of constitute plain error. Therefore, we will not consider it on appeal. Practice Book § 3063.

There is no error.

In this opinion SHEA and BIELUCH, Js., concurred.