The named defendant has appealed from a judgment rendered against him in the amount of $3562.86 for electric service supplied to him by the *Page 638 
plaintiff. The facts may be summarized as follows: On August 8, 1973, the defendant Antonio Reale and Anthony Monterosso[2] applied to The Hartford Electric Light Company (hereinafter HELCO) to have electric service supplied to premises at 100 Retreat Avenue, Hartford. At that time, this location was a construction site owned by both Reale and Monterosso as trustees.[3] A billing account was set up in both names, and service was installed on or about November 8, 1973. For the billing period which is the subject of this action, however, the named defendant was the sole owner of the property. The real estate partnership between Reale and Monterosso was dissolved on December 1, 1973, when Monterosso conveyed all of his right, title and interest in the property to Reale. Reale sold the property on March 8, 1974, and HELCO has made no claim for service provided after that date.
The defendant made payments to HELCO on six different occasions in 1974. These payments were drawn on a bank account of the New England Building Company, the construction company at the site. The balance due the plaintiff for the period January 8, 1974 through March 8, 1974 was $3562.86. These billings were for electricity used in the construction of the building, rather than for its operation or occupancy. After receiving no payment on this account for two years, the plaintiff had a final bill *Page 639 
representative telephone both Reale and Monterosso, the names appearing on the billing account. This person spoke with Reale, Reale's bookkeeper and Monterosso. During these conversations, no one protested HELCO's procedure of billing both Reale and Monterosso, and no one denied that the balance due on this account was owed by Reale in his personal capacity. The plaintiff thereupon brought suit against both Reale and Monterosso. After Monterosso disclosed the dissolution of the real estate partnership, which terminated his interest in the property before the period of service involved in this suit, the plaintiffs counsel withdrew the pending action against him.
After trial, judgment was rendered in favor of the plaintiff against the named defendant, who now brings this appeal, claiming that both the facts and the law are insufficient to support the judgment. The defendant alleges three grounds of error. First, he claims that it was incorrect for the court to rule that as a matter of law ownership of land imposes liability for the payment of electrical service rendered. Second, he claims that the court erred in admitting into evidence the billing detail ledger card containing the names of Reale and Monterosso because it was hearsay, and thus inadmissible on the issue of liability. The third issue concerns the letter from Monterosso to the plaintiff's counsel which requested his release from the suit but never protested the billing procedures; the defendant contests both the weight accorded this letter by the court and the inferences drawn from it on the issue of his liability.
The gravamen of the defendant's claim is that he is not personally liable for the service provided. He claims, rather, that this electricity was consumed in the construction of a building by the New England Building Company, upon whose bank account the *Page 640 
previous payments for this service were made. Therefore, he contends that the liability for this electric service runs to the construction company and not to him. We hold that the defendant failed to adduce sufficient evidence to support this claim at trial, and that the trial court correctly rendered judgment for the plaintiff.
The defendant correctly maintains that his status as landowner is insufficient to render him liable for the electric service as a matter of law. "[N]o liability ordinarily can be imposed on premises, or their owner or occupant for unpaid utility charges, irrespective of who is the user." Note, 19 A.L.R.3d 1227, 1231-32. There is nothing in the court's decision to indicate, however, that it violated this general rule. Its judgment was reached from a preponderance of the evidence adduced at trial, which comported with the governing law. "[A] public utility cannot impose liability for utility charges incurred upon one other than the user or one who contracted for the supply...." (Emphasis added.) 64 Am.Jur.2d, Public Utilities 60. This principle applies to the facts in this case to allow the conclusion that Reale is personally liable on this account. The defendant ordered the service, used the service, received bills for the service, and owned the property at which the service was rendered. In addition, he neither notified HELCO prior to suit that he was not personally liable for the service, nor did he present any evidence that some other entity was responsible for the service. The defendant introduced no billing stubs or receipts which would indicate that bills of the plaintiff had been sent to someone other than the defendant. Therefore, the defendant's claim that the evidence is insufficient to support the judgment is without merit. "It was for the trial court to determine the weight and credibility of evidence, and its conclusions, if reasonably reached, must be accepted." state v. *Page 641 
Villano, 176 Conn. 301, 303, 407 A.2d 969 (1978); State v. Annunziato, 145 Conn. 124, 135-36,139 A.2d 612 (1958); State v. Dodez, 120 Conn. 216,219, 179 A. 653 (1935).
In addition, the trial court did not commit error by allowing the admission of the billing detail ledger card to prove the defendant's liability. Connecticut, by statute, expressly allows the admission of business entries upon proof of certain requirements. General Statutes52-180 provides, in relevant part: "Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the trial judge finds that it was made in the regular course of any business, and that it was the regular course of such business to make such writing or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." The evidence reveals that it is uncontroverted that the billing cards used by the plaintiff fell within this exception to the hearsay rule.
The defendant's final claim of error relates to the inferences drawn by the court from a letter sent by the defendant's attorney to the plaintiff's attorney. These inferences must be reviewed in the light of all the evidence adduced at trial. The defendant's counsel neglected two opportunities to assert that the liability for electric service ran to the construction company rather than to the defendant. First, the agreement of partnership dissolution made no mention of a contractual relationship between the defendant and the New England Building Company. Second, the letter which was sent by Monterosso's attorney, who also represented the defendant, informing HELCO of the partnership dissolution and requesting that the suit be withdrawn as to Monterosso, made no mention that *Page 642 
HELCO was suing the wrong party and should be suing the construction company. The court properly concluded that HELCO had no duty to investigate whether the liability for service ran to the defendant or to some third party. The fact that the billings were paid by checks of the New England Building Company has no legal consequence on the issue of the defendant's liability. A utility may accept payment from any source as long as it is in the proper amount. Further, the defendant admitted that some of these checks made no reference on their face to a particular account number, but were sent in with the billing stubs containing the names of Reale and Monterosso. It was reasonable for HELCO to assume, therefore, that the liability for service ran to these individuals, regardless of the mode of payment. Finally, the inferences drawn by the court regarding this letter comported with other evidence which showed that Reale had never placed HELCO on notice prior to this action that he denied personal liability for this electric service. In conclusion, the weight attached to this letter by the trial court, and its conclusion that the defendant was personally liable to the plaintiff, are reasonable, and cannot be upset upon review by this court. State v. Villano, supra.
 There is no error.
In this opinion ARMENTANO and DALY, Js., concurred.