Edward Bernard RYNECKI, Appellant,

v.

STATE OF CONNECTICUT DEPART-MENT OF SOCIAL SERVICES; Edward W. Maher, Commissioner of Social Services, individually and in his official capacity; Sheldon A. Messinger; and Janette Matthew, Appellees.

No. 1354, Docket 84–7312.

United States Court of Appeals, Second Circuit.

Argued June 5, 1984.

Decided Aug. 14, 1984.

Eddi Z. Zyko, Waterbury, Conn., for appellant.

Michael A. Arcari, Asst. Atty. Gen. (Joseph I. Lieberman, Atty. Gen. of Connecticut, Hartford, Conn.,) for appellees.

Before OAKES and NEWMAN, Circuit Judges, and MISHLER, District Judge.*

PER CURIAM:

Edward Bernard Rynecki appeals from an opinion and order of the United States District Court for the District of Connecticut, Warren W. Eginton, Judge, dismissing his federal civil rights action and pendent state claims challenging the policies and practices employed by Connecticut to determine the paternity of an illegitimate child. We affirm.

In March of 1978, Janette Matthew gave birth to a child out of wedlock. Matthew then applied for and received public assistance for the child. According to appellant, although Matthew had no intention of instituting a paternity suit, the state Commissioner of Social Services contacted a private attorney who then "contacted Matthew and prevailed upon her" to institute such an action. In the course of the state paternity suit, Rynecki subpoenaed the Connecticut Commissioner of Social Services, apparently in order to ask him about the state practice of "soliciting" paternity suits. According to appellant, the Commissioner simply ignored the subpoena, and the state court denied appellant's request for compulsory process. Although Rynecki vigorously defended the paternity suit, and continues to insist he is not the father of Matthew's child, judgment was rendered against Rynecki, and he was ordered to pay child support. The Appellate Division of the Superior Court affirmed the decision, *Commissioner of Welfare v. Rynecki,* 37 Conn.Supp. 560, 426 A.2d 1329 (1980), and the state Supreme Court denied Rynecki's petition for a writ of certiorari.

Rynecki then instituted this section 1983 action in the United States District Court, alleging that the state violated his constitutional rights by refusing to provide him compulsory process for obtaining witnesses, and that the state practice of "soliciting paternity suits" violates due process. The complaint was dismissed by the district court for failure to state a claim, and this appeal followed.

At the outset, we note that Rynecki has already pressed in the state courts his contention that the alleged refusal of the Commissioner of Social Services to honor a subpoena deprived him of an opportunity adequately to defend himself. Addressing this argument, the state appeals court noted that "[t]he claim that the presence of the commissioner was necessary for the presentation of the defense was never made at the trial," and that "[t]he defendant also failed to present to the trial court any evidence that the subpoena had been served." 37 Conn.Sup. at 562, 426 A.2d at 1331. Appellant's claim was rejected as "without merit." *Id.*

■■■ As the Supreme Court has made clear, a state court decision on an issue of fact or law necessary to its judgment bars relitigation of that issue in a subsequent section 1983 action. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Rynecki is accordingly collaterally estopped from again raising his Sixth Amendment claims based on the state court's alleged refusal to enforce his subpoena.

Appellant's other claim is that Connecticut impermissibly "interjects itself into the judicial process by procuring and financing a paternity suit." *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), and *Griswold v. Connecticut,* 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), are cited for the proposition that "in certain aspects of personal, fundamental rights, the interest and role of the state is limited." *See generally* L. Tribe, American Constitutional Law ch. 15 (1978).

■■■ Whether the Connecticut practice that appellant alleges to exist is sound or fair as a matter of policy, we agree with the district court that it is simply not violative of appellant's constitutional rights. The cases supporting rights of privacy and personhood cannot be read so broadly. The state, after all, has a financial interest in seeing to it that children who could be

---

* Of the Eastern District of New York, sitting by designation.

supported by their parents do not become public charges. In asserting that interest the state is protecting itself and to a certain extent the offspring involved, as well as the mother, as it does by providing for paternity suits in the first instance. *See, e.g., Pelak v. Karpa,* 146 Conn. 370, 151 A.2d 333 (1959); *Beattie v. Traynor,* 114 Vt. 238, 42 A.2d 435 (1945); *Hildreth v. Overseers of Poor,* 13 N.J.L. 5, 6–7 (Sup.Ct. 1831).

Affirmed.