[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for rent due on a commercial lease in Newington, Connecticut. The defendant entered into a lease with amendments from May 19, 1983 to August 31, 1991. The defendant vacated the premises on March 23, 1990 without cause.
Paragraph 28 of the lease provides for the acceleration of the remaining installments of the lease offset by the fair rental value of the premises. The partner of the plaintiff testified that due to the poor rental market, reletting the property is not probable for at least 1 to 2 years in this down trodden market. However, although the witness testified that he owned interests in various real estate in the Newington area and knew rental values, his testimony that the property could not be relet does not establish fair market rental value for income producing property. "Fair market value means `a value in a market, in a place or in conditions in which there are, or have been or will be . . . willing sellers and able and ready buyers of property like that to be assessed, and in which sales are or have been made, or may fairly be expected, in the usual and natural way of business. In Xerox Corporation v. Board of Tax Review, 176 Conn. 301, 305 (1978), citing Underwood Typewriter Co. v. Hartford, 99 Conn. 329, 336 (1923).
Since plaintiff has not established the fair rental value of the premises pursuant to paragraph 28 of the lease, no payments for acceleration of the rent may be awarded.
Accordingly, judgment may enter for the plaintiff for $24,046.33 based upon the following:
 Rent from March 1990 to August 1990 $19,315.14 Rent extras 2,043.56 Attorney fees 2,325.00 Costs 362.63 __________ $24,046.33
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT