[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On June 18, 1999, the defendant was found guilty of Arson in the First Degree in violation of C.G.S. § 53a-111 (a)(3) and Attempt to commit Larceny in the Second Degree in violation of C.G.S. § 53a-123 (a)(2) and § 53a-49 (a)(2). The defendant orally moved for a Judgment of Acquittal on the grounds that there was insufficient evidence to support the verdict.
In ruling on a sufficiency of the evidence claim, the court is required to apply a two part test. First, he court must construe the evidence in the light most favorable to sustaining the verdict. Second, it must determine whether based upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. See State v. Sivri, 231 Conn. 115, 126 (1994); State v.Greenfield, 228 Conn. 62, 76 (1993). Although the jury must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, each of the basic and inferred facts underlying these conclusions need not be proved beyond a reasonable doubt. State v. Raguseo,225 Conn. 114, 119 (1993); State v. Castonguay, 218 Conn. 486, 507 (1991). If it is reasonable and logical for the jury to conclude that a basic fact or an inferred fact is true, the jury is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt. State v.Raguseo, supra; State v. Grant, 219 Conn. 596, 604-605 (1991). Proof beyond a reasonable doubt requires that the evidence every reasonable hypothesis of innocence. See State v. Ford,230 Conn. 686, 693 (1994); State v. Little, 194 Conn. 665, 672 (1984).
The state's case was based entirely on circumstantial CT Page 10770 evidence. In such cases, the court's inquiry is limited to a determination as to whether the inferences drawn by the jury are so unreasonable as to be unjustifiable. State v. Ford, supra at 692.
Based on the evidence the jury could have reasonably found the following: The fire that burned and damaged the defendant's 1993 Subaru Impreza was intentionally set. Officer Greg Weston of the Hartford Police Department testified that he received a call concerning a car fire at 34 Brook Street in Hartford between 11 p. m., and midnight on November 3, 1997. When he arrived at the scene, the Hartford Fire Department was already there and had just put out the fire. Detective James Jackson, an arson investigator from the Hartford Police Department said that he examined the vehicle shortly after the fire was extinguished. He found a 2 1/2 gallon gasoline container inside the vehicle. He detected a heavy odor of gasoline or a petroleum based substance which he thought was gasoline inside the vehicle. According to Detective Jackson, the floor of the vehicle was saturated with gasoline.
Steven D. Lyons, owner of S.D. Lyons, Inc., performed an investigation into the cause and origin of the fire for the defendant's automobile insurance company. Photographs of the burned vehicle taken by an employee of S.D. Lyons, Inc., demonstrated an overall burn pattern which was consistent with a fuel source burning mainly on the ground underneath the vehicle and burning upward. In his opinion, based upon his examination of the vehicle, the fire was caused by igniting a flammable liquid at the location of the fuel lines.
Based on the evidence, the jury could have reasonably inferred that the defendant was the only person who could have caused the fire and that he did so with the intention of fraudulently collecting insurance proceeds. The defendant gave a signed statement to the Hartford Police Department within a few hours after the fire. In his statement, the defendant stated that he had commuter parked his car at the AMF Bowling Lanes in Hartford and met his friend David Montague. Together they went to a bar in Windsor Locks to watch some of the Steelers Football game. They then went to Foxwood's Casino, arriving there at 8:15 p. m., and staying until 10:15 p. m. They returned to Hartford to the bowling alley, found the car missing, and called the police from Uncle Al's Cafe to report the car stolen. The defendant stated that the key to his vehicle was with him all day and that CT Page 10771 he did not have a spare key, having lost the spare key some time ago. Detective Jackson said that the defendant called him later on November 4, 1997 to say that there was a hide-a-key somewhere under the front of the vehicle. The detective recalled the defendant referring to some sort of magnetic box.
On November 12, 1997, the defendant signed an Affidavit of Vehicle Theft for his insurance company. He claimed he owed $5500 on the car loan for the 1993 Subaru and that there were three sets of keys. This affidavit was completed by the defendant in connection with the claim he was making for the value of the car.
On December 2, 1997, the defendant was interviewed over the phone by an insurance adjuster who taped the interview. The transcript of the interview was received into evidence. During the interview, the defendant stated that there was a key hidden under the front driver's wheel well. He told the adjuster that he dropped his friend off at the Foxwood's Casino and returned to pick him up at 8:15 p. m. He then drove to Windsor where he stayed at Al's bar until 11:10 or 11:15 p. m. He then went to his house and dropped off a housekey for his girlfriend. He and Montagne returned to Hartford but went first to Ashley's bar and finished watching the football game until midnight or shortly after midnight. It was then that they drove to the bowling center and found his car missing. He told the adjuster that he called the police to find out whether his vehicle had been towed. The defendant also stated that he did not drive the Subaru often, that the car had a problem with the CV joints and that he also owned a Lexus and a motorcycle. During the interview, the defendant indicated that he knew he was a suspect in the arson.
Lester Kniffin, an automotive inspector for S.D. Lyons, Inc., testified that he examined the door lock assembly and the steering column on the 1993 Subaru. He detected no forced entry into the vehicle. The ignition system was intact. In his opinion, the vehicle could not have been driven without the correct key. Mr. Kniffin testified that he checked all the wheel wells for the presence of a box or a hide-a-key and found none. He checked for evidence that a box had been put there and found none.
The defendant produced two witnesses who testified to the existence of a hide-a-key, but the jury was free to disbelieve them. The jury is the sole judge of the credibility of witnesses.SFP Tisca v. Robin Hill Farm. Inc., 244 Conn. 721, 731 (1998). CT Page 10772
The defendant cites State v. Villano, 176 Conn. 301 (1978) to support his contention that the evidence in this case was insufficient to prove his guilt beyond a reasonable doubt. This case differs from Villano in one significant respect. This defendant gave inconsistent statements regarding his whereabouts on the evening of the fire and the number of keys he had to the vehicle. The inconsistent statements were presented by the state as evidence of consciousness of guilt. A jury can properly draw an inference from consciousness of guilt evidence. State v.Sivri, supra at 130; State v. Teti, 50 Conn. App. 34 (1998).
Based on the cumulative effect of all the evidence and the reasonable inferences drawn therefrom, the jury could have found beyond a reasonable doubt that the defendant set fire to his vehicle for the purpose of collecting insurance proceeds and that he intentionally attempted to obtain the more than $5000 from the insurance company by fraudulently claiming that his vehicle had been stolen.
The defendant's motion for Judgment of Acquittal is denied.
Gallagher, J.