317 So.2d 450 (1975)
Jessie THOMAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 74-1659.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 18, 1975.
*451 Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
This is an appeal by defendant who was informed against for assault with intent to commit rape and robbery; was tried by jury and found not guilty of robbery, but guilty of assault with intent to commit rape; and was sentenced to 15 years imprisonment.
Defendant urges as error the refusal to permit defense counsel to impeach the testimony of the victim with a prior inconsistent statement concerning the defendant's state of mind.
At trial, defense counsel asked the victim whether she believed the person who attacked her was attempting to rape her. The victim replied in the affirmative. Defense counsel then attempted to impeach the witness by use of a prior statement, wherein she answered in the affirmative to the following question: "You don't know if he wanted to rape you or not?" The prosecution objected as the question called for a conclusion by the witness as to what was in the defendant's mind. The trial judge sustained the objection.
It is well established that the opinion of a witness on a fact in issue is not admissible where the jury is as well qualified as the witness to form an opinion *452 on the subject, and nonexpert witnesses ordinarily are required to confine their testimony to facts and are not permitted to give their opinions and conclusions. See 13 Fla.Jur. Evidence § 305 (1957) and cases cited therein. When the facts are within the ordinary experience of the jurors, conclusions to be drawn therefrom are to be left to the jurors. McGough v. State, Fla. 1974, 302 So.2d 751.
Defendant was on trial for assault with intent to commit rape and the witness was being queried about her opinion regarding an ultimate fact in issue which properly is for the jury's determination. Thus, we conclude the trial judge was correct in sustaining the complained of objection. Cf. Hodge v. State, 26 Fla. 11, 7 So. 593 (1890). Hence, this point of appellant must fail.
Defendant also argued that the trial court erred in sentencing him to a term of imprisonment greater than that permitted by law.
Defendant reasons that since he was convicted of an assault with intent to commit a life felony,[1] he has committed a felony of the third degree as a life felony should be construed as "any other felony" under the language of § 784.06, Fla. Stat., F.S.A.[2] We must reject this contention. The courts will not ascribe to the legislature an intent to create an absurd or harsh consequence, so an interpretation avoiding absurdity always is preferred. City of St. Petersburg v. Siebold, et al., Fla. 1950, 48 So.2d 291.
Those crimes classified as "life felonies" are considered to be not as heinous as capital felonies, but more criminal in nature than felonies of the first degree. See Chapter 72-724, § 1 Laws of Florida (1972). It simply defies all logic to hold that the penalty for an assault with intent to commit a life felony should be less severe than the penalty for an assault with intent to commit a felony of the first degree. Such an interpretation results in absurdity. Therefore, we conclude the trial judge correctly sentenced the appellant to 15 years imprisonment, the maximum penalty for a felony of the second degree.[3]
We also examined appellant's remaining points on appeal and determined that appellant has failed to demonstrate reversible error.
Accordingly, the judgment and sentence appealed are affirmed.
Affirmed.
NOTES
[1] "794.01 Rape and forcible carnal knowledge; penalty. 

"(1) Whoever of the age of seventeen years or older unlawfully ravishes or carnally knows a child under the age of eleven, is guilty of a capital felony, punishable as provided in § 775.082.
"(2) Whoever ravishes or carnally knows a person of the age of eleven years or more, by force and against his or her will, or unlawfully and carnally knows and abuses a child under the age of eleven years, shall be guilty of a life felony, punishable as provided in § 775.082.
"(3) It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only."
[2] "784.06 Assault with intent to commit felony

"Whoever commits an assault on another, with intent to commit any capital felony or felony of the first degree shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. An assault with intent to commit any other felony constitutes a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Amended by Laws 1971, c. 71-136, § 734, eff. Jan. 1, 1972." [Emphasis Supplied]
[3] "775.082 Penalties for felonies and misdemeanors

* * * * *
"(c) For a felony of the second degree, by a term of imprisonment in the state prison not exceeding fifteen (15) years; ..."