DANAHY, Judge.
In this case we deal with the following questions:
Did the trial court err in admitting the opinion testimony of a nonexpert witness, and if it did, does the error require reversal of appellant’s convictions for first degree murder and aggravated battery? We answer both questions in the affirmative.
A Pinellas County Grand Jury indicted appellant for the first degree murder of James Wilson and Dorothy Moragne and the aggravated battery of Thomas White. At trial, the evidence showed that late in the afternoon of July 9, 1976, appellant stopped at the Little Club Tavern. While there, he engaged in a conversation with James Wilson which soon became an argument. Appellant left the bar, but returned several moments later, at which time he fired two shots at Wilson from a gun which he had carried in his pocket. The shots, both of which hit Wilson, killed him and Dorothy Moragne and wounded Thomas White.
Appellant relied on a theory of self-defense to relieve him of criminal responsibility for the two deaths and the one injury. He testified that when he returned to the tavern, Wilson saw him and told him to get out. According to appellant, Wilson then started toward him, placing his hand in his pocket. Appellant, fearing that Wilson had a weapon, began backing toward the rear door and pulled his own pistol from his pocket. He told Wilson to stay back and leave him alone. However, Wilson continued forward, making a thrust toward appellant as if he were going to dive at him. Appellant fired a shot and because Wilson continued toward him, he fired another. He then ran out of the tavern and drove home.
The state presented three eyewitnesses to the shooting incident whose testimony differed from appellant’s in varying details. Vanessa Williams, a barmaid at the tavern, saw appellant return to the tavern with his pistol already drawn. Moreover, she said *1069 that Wilson did not walk toward appellant. However, she did see appellant jump back just before the shooting began and she heard him say, “Leave me alone, don’t come toward me.”
Wallace Hines, Jr. testified that he first observed appellant standing in the center of the tavern pointing his pistol. Appellant fired the pistol and Wilson began walking toward appellant as appellant backed up. Appellant then fired a second shot.
The state’s third witness was Thomas White. He stated that he first saw appellant standing at the door to the tavern with his pistol drawn, but not pointing at anyone in particular. Wilson left the bar, where he had been standing, and walked directly toward appellant. Appellant fired, but Wilson continued after him. However, after appellant fired the second shot, Wilson fell. At this point, White noticed that he too was wounded.
At the end of the trial, the jury found appellant guilty as charged, and then recommended that he receive life sentences on the first degree murder counts. Following the jury’s recommendation, the court imposed two consecutive life sentences (twenty-five years mandatory) for the two murder counts and a consecutive fifteen-year sentence for the aggravated battery count. Subsequently, we granted appellant a belated appeal pursuant to Baggett v. Wainwright, 229 So.2d 239 (Fla.1969).
During the state attorney’s direct examination of Thomas White, the following exchange occurred:
Q. And what did he do with his hands as he approached Mills?
A. As far as I could see, they were down beside him at all times.
Q. Did you ever see him reach into his pockets or anything like that?
A. I did not.
Q. Did you see any weapons on James Wilson?
A. I did not.
Q. Did you see any weapons on anyone else?
A. I did not.
Q. Did it in any way appear to you that Willard Mills might have shot in self-defense?
MR. ROBBINS: Now, Your Honor, I’m going to object. Calls for a conclusion. He doesn’t know what is in the mind of the defendant.
THE COURT: I’m going to overrule the objection and allow this witness to testify as to what he observed.
MR. HIGHAM: Thank you, Your Honor. Q. Go head and answer, Mr. White. A. The question again?
Q. The question was, did it appear that in any way Willard Mills shot James Wilson in self-defense?
A. He did not.
The trial court erred in overruling defense counsel’s objection. A nonexpert witness may not express opinions or conclusions which the jury could draw from the facts to which he has testified. See, e. g., McGough v. State, 302 So.2d 751 (Fla.1974). This is particularly true when the opinion or conclusion reaches an ultimate issue in the case. McCormick on Evidence, Section 12 (2d ed. 1972). Here the state attorney’s question clearly called for an opinion and the witness gave one. Moreover, the answer dealt directly with the ultimate issue of whether appellant had acted in self-defense.
Having determined that the court’s ruling was error, we must decide whether it necessitates reversal. As we indicated at the outset of this opinion, we believe it does. The testimony of the several witnesses which we have set out in some detail presented the jury with a confusing picture of the incident in the tavern. Hence the jury may very well have been influenced by the clearly stated opinion of Thomas White that appellant did not act in self-defense. This being the case, we cannot say the error was harmless.
In view of our determination of this issue, we need not enter a lengthy discussion of the other two points which appellant raised. We do note, however, that absent the error discussed above, the evidence was sufficient to sustain the jury’s findings.
*1070 We reverse appellant’s judgments and sentences and remand the case for a new trial.
HOBSON, Acting C. J., and OTT, J., concur.