STATE OF CONNECTICUT *v.* VICTOR DELGADO

LOISELLE, BOGDANSKI, LONGO, PETERS and A. HEALEY, Js.

Argued June 12—decision released July 17, 1979

*Nicholas P. Cardwell,* for the appellant (defendant).

*Richard L. Shiffrin,* assistant state's attorney, with whom, on the brief, was *George D. Stoughton,* state's attorney, for the appellee (state).

PER CURIAM. Sometime after midnight on February 27, 1977, the defendant, Victor Delgado, entered the Stumble Inn in New Britain and, after he had been refused service and asked to leave, pulled a knife from within his coat and cut or stabbed Joseph Coccomo and David Bitner, causing serious injury to both, before he was subdued by

other patrons of the establishment and arrested by the police. The defendant was convicted after trial to the court on two counts of first degree assault. General Statutes § 53a-59 (a) (1). The defendant filed a motion for judgment of acquittal, which was denied, and, from the judgment of conviction rendered, has appealed to this court.

The defendant first claims that the court erred in refusing to allow the defense on cross-examination to question David Bitner, one of those assaulted, as to his opinion whether the defendant had intended to injure him. We disagree. The rule of law applicable to this case is that Bitner was required only to state the facts, and not his individual opinions and conclusions as to the defendant's intent. *State* v. *Palozie,* 165 Conn. 288, 297, 334 A.2d 468 (1973). More particularly, under General Statutes § 53a-59 (a) (1) intent is a question of fact for the determination of the trier of fact based upon the competent evidence presented, and a witness cannot testify as to the uncommunicated intent of another person where the trier of fact is as well qualified as the witness to form an opinion on the subject. *Odom* v. *State,* 348 So. 2d 277, 281 (Ala. App. 1977); *Thomas* v. *State,* 317 So. 2d 450, 451-52 (Fla. App. 1975); *State* v. *Dillon,* 93 Idaho 698, 471 P.2d 553 (1970); *State* v. *Seehan,* 258 N.W.2d 374, 379 (Iowa 1977); *Newell* v. *State,* 308 So. 2d 71, 73 (Miss. 1975); *State* v. *Sanders,* 295 N.C. 361, 369, 245 S.E.2d 674 (1978). Moreover, the testimony printed in the state's appendix discloses that the court was fully apprised of the defendant's conduct in wielding the knife, and was provided, without Bitner's testimony, with sufficient evidence to reach its own conclusion with respect to the defendant's intent.

The defendant finally claims that the court erred in denying his motion for judgment of acquittal, arguing that the state failed to prove the requisite element of "intent to cause serious physical injury" under § 53a-59 (a) (1). We cannot agree. A person acts "intentionally" in relation to a criminal statute defining an offense "when his conscious objective is to cause such result [the offense] or to engage in such conduct . . . ." General Statutes § 53a-3 (11). The formulation of intention results from a mental process which must, of necessity, often be proved by the statements or actions of the defendant. *State v. Bzdyra,* 165 Conn. 400, 403-404, 334 A.2d 917 (1973); *State v. Cofone,* 164 Conn. 162, 164, 319 A.2d 381 (1972). Thus, the only question is whether the trial court reasonably could have concluded from the evidence presented that the defendant intended to inflict serious physical harm when he slashed the forearm of one victim and repeatedly stabbed the other. *State v. Villano,* 176 Conn. 301, 303, 407 A.2d 969 (1978). From a review of the evidence, the court clearly could have concluded that the defendant intended to cause the serious physical harm which he, in fact, inflicted.

There is no error.