## STATE OF CONNECTICUT *v.* ELEANOR DUHAN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1115

Argued April 20—decided December 10, 1982

*Robert V. Cimmino,* for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, for the appellee (state).

SPADA, J. The defendant was convicted of disorderly conduct, of interfering with a police officer and of third degree criminal mischief in violation of General Statutes §§ 53a-182,[1] 53a-167a[2] and 53a-117,[3] respectively. The charges stem from an incident in the New Milford police station on October 11, 1980. The defendant has appealed her conviction on these counts, claiming insufficient evidence, improper exclusion of testimony and denial of requested jury instructions.

The jury could reasonably have found the following facts. On October 11, 1980, Officer James Engle (hereinafter Engle) of the New Milford police depart-

---

[1] "[General Statutes] Sec. 53a-182. DISORDERLY CONDUCT: CLASS C MISDEMEANOR. (a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise; or (4) without lawful authority, disturbs any lawful assembly or meeting of persons; or (5) obstructs vehicular or pedestrian traffic; or (6) congregates with other persons in a public place and refuses to comply with a reasonable official request or order to disperse.
"(b) Disorderly conduct is a class C misdemeanor."

[2] "[General Statutes] Sec. 53a-167a. INTERFERING WITH AN OFFICER: CLASS A MISDEMEANOR. (a) A person is guilty of interfering with an officer when he obstructs, resists, hinders or endangers any peace officer or fireman in the performance of his duties.
"(b) Interfering with an officer is a class A misdemeanor."

[3] "[General Statutes] Sec. 53a-117. CRIMINAL MISCHIEF IN THE THIRD DEGREE: CLASS B MISDEMEANOR. (a) A person is guilty of criminal mischief in the third degree when, having no reasonable ground to believe that he has a right to do so, he: (1) Intentionally or recklessly (A) damages tangible property of another, or (B) tampers with tangible property of another and thereby causes such property to be placed in danger of damage; or (2) damages tangible property of another by negligence involving the use of any potentially harmful or destructive force or substance, such as, but not limited to, fire, explosives, flood, avalanche, collapse of building, poison gas or radioactive material.
"(b) Criminal mischief in the third degree is a class B misdemeanor."

ment responded to a complaint about a brawl occurring in a parking lot on Railroad Street in New Milford. Upon arriving at the scene, Engle observed a fight involving several people. While placing the combatants under arrest, the police asked the defendant, who was a spectator to the fracas, to assist in the investigation of the melee. She was willingly transported to the police station and then advised to wait in the secretary's office. Others present at the station included Constable Katherine Halgowich, who was the police department secretary, several officers, the defendant's mother and an additional witness, William Moore.

After waiting for approximately one hour the defendant became impatient and started cursing and yelling in the secretary's office. The defendant at this juncture repeatedly demanded to be released. Halgowich summoned Engle who, upon failing to calm the defendant, charged her with disorderly conduct and placed her under arrest. With the secretary's assistance, the defendant was placed in a locked detention room. She then seized a chair and hurled it through a glass window. Engle and a second officer attempted to subdue her. A scuffle ensued during which Engle struck the defendant in the face. Thereafter, she was additionally charged with interfering with an officer, with criminal mischief and with assault in the third degree. At the close of the state's case, the defendant's motion for judgment of acquittal was granted as to the assault charge.

The first claim of error asserted is that the court erred in denying the motion for judgment of acquittal as to the disorderly conduct charge. We find merit in this claim.

In its bill of particulars, the state charged the defendant with violating those subsections of General Statutes § 53a-182 which prohibit "violent, tumultuous or threatening behavior" and "unreasonable noise." There was no evidence at trial that the defendant's conduct

prior to her arrest was violent or threatening. Thus, in order to fall within § 53a-182 (a) (1), her behavior would have to come within the meaning of "tumultuous." The state contends, and the trial judge charged, that "tumultuous" means "disorderly, noisy or boisterous." The defendant, on the other hand, argues that "tumultuous" means more than noisy or boisterous. Most definitions associate the term with "riotous" and "turbulent." See, e.g., American Heritage Dictionary (1979); Webster, Third New International Dictionary. Moreover, it is a well established rule of statutory construction that the meaning of a doubtful word may be ascertained by reference to the meaning of words associated with it in the same statute. 2A Sutherland, Statutory Construction (4th Ed. Sands) § 47.16. In § 53a-182 (a) (1), "tumultuous" is interposed between "violent" and "threatening" which precede the word behavior. Consequently, we conclude that yelling and cursing unaccompanied by violent behavior is not prohibited by that subsection of the statute.

The defendant further contends that her conduct did not violate § 53a-182 (a) (3) which prohibits "unreasonable noise." The gravamen of this claim is that the conduct giving rise to the charges took place in the New Milford police station; hence, it was not "unreasonable." In reviewing this claim, we are guided by our recent decision in *State* v. *Nelson,* 38 Conn. Sup. 349, 448 A.2d 214 (1982). In *Nelson,* we held that obscene language directed towards a police officer is not sufficiently vituperative to constitute a breach of the peace unless accompanied by threatening behavior or done in the presence of other persons likely to be incited to violence. The rationale behind this rule is that police officers, owing to their training and experience, should exercise a higher degree of restraint than ordinary citizens. Id., 354, citing *Lewis* v. *New Orleans,* 408 U.S. 913, 92 S. Ct. 2499, 33 L. Ed. 2d 321 (1972)

(Powell, J., concurring.). No evidence was adduced to establish that the defendant's obscene language was accompanied by threatening behavior.

The state argues that the presence of the defendant's mother and a second witness to the earlier fracas negates the application of the *Nelson* rule. That argument is unconvincing because the jury had no evidence by which it could reasonably infer that the defendant intended by her acts "to cause inconvenience, annoyance, or alarm"[4] to any persons as required by the statute. The evidence conversely suggested that the defendant was unaware of anyone's presence, except for her mother, and that her mother was not an intended victim. Accordingly, we find that the evidence was insufficient to prove beyond a reasonable doubt that the defendant's conduct constituted a violation of § 53a-182 (a) (1) or (3). The motion for judgment of acquittal should have been granted.

The second claim raised is that the court erred in its charge with regard to the definition of "tumultuous." In view of our disposition of the first assignment of error, we need not address this claim.

The third claim raised is that the court erroneously prohibited the defendant from cross-examining Engle about prior disciplinary proceedings successfully brought against him by the New Milford police department. The defendant submitted an offer of proof that Engle had been temporarily suspended for insubordination after intervening on behalf of Constable Halgowich in an incident involving Halgowich and the police department. The gravamen of this claim is that such evidence was relevant to the issue of Engle's motives for arresting the defendant and charging her with disorderly conduct and with interfering with an officer.

It is true that evidence of specific acts of misconduct by a witness may be used to impeach credibility where

---

[4] See footnote 1, supra.

they indicate a lack of veracity. *State* v. *Zdanis,* 173 Conn. 189, 195, 377 A.2d 275 (1977); *Vogel* v. *Sylvester,* 148 Conn. 666, 675–76, 174 A.2d 122 (1961). Where, however, the testimony is significantly relevant to the issue in the case, then it is not constrained by this rule. *Lionetti* v. *Coppola,* 115 Conn. 499, 503, 161 A. 797 (1932). The evidence of prior disciplinary proceedings against Engle was offered, not to show a lack of veracity as the state contends, but rather to establish that he had a propensity for interfering on behalf of Constable Halgowich and that they enjoyed a special relationship. For that limited purpose, the evidence should have been admitted. The jury should have been allowed to evaluate that evidence in determining the motive and basis for Engle's arrest of the defendant on the charges of disorderly conduct and interfering with an officer.

The fourth claim presented is that the trial judge improperly excluded testimony by the defendant's mother as to the effect of prior arrests of the defendant by members of the New Milford police department on the defendant's state of mind in connection with the charge of criminal mischief. There is merit to this claim. Criminal mischief in the third degree requires a specific intent or reckless conduct. General Statutes § 53a-117 (a) (1); see *State* v. *Hoskins,* 35 Conn. Sup. 587, 595, 401 A.2d 619 (1978). Specific intent is usually proved by circumstantial evidence. *State* v. *Williams,* 169 Conn. 322, 334, 363 A.2d 72 (1975). Thus, evidence of prior occurrences which might have some relevant bearing on the defendant's state of mind at the time she committed the acts charged is admissible as to specific intent. See *State* v. *Croom,* 166 Conn. 226, 230, 348 A.2d 556 (1974).

The state contends that the defendant's mother is not an expert and, therefore, was not competent to testify as to her daughter's state of mind. *State* v. *Delgado,* 178 Conn. 448, 449, 423 A.2d 106 (1979). We do not agree. A parent is always competent to testify

as to a child's mental, physical or emotional state at a given time. See *State* v. *Palozie,* 165 Conn. 288, 299, 334 A.2d 468 (1973); Holden & Daly, Connecticut Evidence § 117 (d) (9). Accordingly, the trial court erred in excluding the proffered testimony.

The fifth claim of error asserted is that the court erroneously excluded testimony by the defendant as to her own state of mind with respect to the criminal mischief.[5] The defendant made an offer of proof that she had previously been assaulted by Officer Emmons at the New Milford police station. Although the defendant was not claiming self-defense, the evidence excluded was relevant to her state of mind.

We have previously stated that criminal mischief requires specific intent. Accordingly, circumstantial evidence which tends to prove or disprove that the defendant had the requisite intent to commit the crime is relevant. *State* v. *Croom,* supra. To the extent that evidence offered in defense is relevant and mitigates a crime charged, it should not be excluded from the fact-

---

[5] The testimony in dispute is as follows:

"Q. Prior to the time that you swung that chair at the window, did anything run through your mind?

"A. Yes.

"Q. What was it, tell the Court?

"Mr. Schuman: Objection, I can't possibly cross examine what is running through her mind.

"Mr. Cimmino: She will tell exactly what her state of mind was at that time.

"Mr. Schuman: That is an out of court statement. It's hearsay.

"The Court: I'm going to allow it in.

"Mr. Cimmino: It goes to her state of mind.

"The Court: What were you thinking about just before you swung that chair?

"The Witness: All I remember is seeing the big pile of blood and seeing Officer Emmons.

"Mr. Cimmino:

"Q. Who is Officer Emmons?

"Mr. Schuman: I object, Your Honor.

"The Court: I will sustain the objection."

finder. The defendant's claim of prejudice to the jury by this exclusion is a redundant statement of the same assignment of error.

The defendant contends in her sixth claim of error that the trial judge erroneously refused her requested instruction in the definition of "recklessly"[6] as it relates to criminal mischief in the third degree. " 'Although a charge may not be exhaustive, perfect or technically accurate, it will ordinarily be sustained if it is correct in law, adapted to the issues and sufficient for the guidance of the jury.' " *Messina* v. *Iannucci,* 174 Conn. 275, 278, 386 A.2d 241 (1978). The test is not whether the charge applies pertinent rules of law to every ramification of facts conceivable from the evidence, but rather, whether it fairly presents the case to the jury in such a way that no injustice is done to either party under established rules of law. *Tezack* v. *Fishman & Sons, Inc.,* 173 Conn. 183, 186, 377 A.2d 272 (1977). In the present case, the charge, taken as a whole, fairly presented to the jury the meaning of the term recklessly. Accordingly, the court did not err in refusing the requested charge.

There is error, the judgment is set aside and the case is remanded with direction to render a judgment of not guilty on the first count and for a new trial on the remaining two counts.

In this opinion BIELUCH and COVELLO, Js., concurred.

---

[6] The record reveals that the defendant requested in writing that the court charge the jury as follows: "In determining the risk involved the statute applies an objective yardstick to measure the nature and degree of the risk. On the other hand, the statute applies a subjective yardstick to measure the defendant's awareness of the risk. Furthermore, subjective realization of a risk may be inferred from a person's words and conduct when viewed in the light of the surrounding circumstances."