STATE OF CONNECTICUT *v.* ELEANOR DUHAN
(12032)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued June 6—decision released August 28, 1984

*Carl J. Schuman,* assistant state's attorney, for the appellant (state).

*Robert V. Cimmino,* for the appellee (defendant).

PETERS, J. This case concerns the interpretation of that part of our disorderly conduct statute which makes it a misdemeanor to make "unreasonable noise." The state has taken an appeal to this court, after our grant of certification, from the judgment of the Appellate Session of the Superior Court that the state failed to present sufficient evidence to warrant the defendant's conviction under General Statutes § 53a-182 (a) (3) which penalizes "[a] person [who] . . . with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . makes unreasonable noise . . . ."[1] Although the Appellate Session made other rulings adverse to the state, this is the only part of its judgment that is directly before us.

The defendant was originally charged in a four count information including, in addition to the first count of disorderly conduct, counts charging the defendant with: assault in the third degree, in violation of General Statutes § 53a-61; criminal mischief in the third degree, in

---

[1] The full text of General Statutes § 53a-182 (a) provides as follows: "Sec. 53a-182. DISORDERLY CONDUCT: CLASS C MISDEMEANOR. (a) A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior; or (2) by offensive or disorderly conduct, annoys or interferes with another person; or (3) makes unreasonable noise; or (4) without lawful authority, disturbs any lawful assembly or meeting of persons; or (5) obstructs vehicular or pedestrian traffic; or (6) congregates with other persons in a public place and refuses to comply with a reasonable official request or order to disperse."

violation of General Statutes § 53a-117; and interfering with a police officer, in violation of General Statutes § 53a-167a. At the close of the state's case, the defendant moved for judgment of acquittal on all four counts. The trial court granted the defendant's motion with respect to the assault count only. After the presentation of the case for the defense, and the jury's verdict finding the defendant guilty on the three remaining counts, the defendant orally renewed her motion for acquittal. At that time, she also moved that the verdict be set aside. The trial court denied these motions and rendered judgment against the defendant on all counts except that charging her with assault.

In the defendant's appeal to the Appellate Session, she urged that court to dismiss all of the charges against her, on each count, because of insufficient evidence. Alternatively, she argued that evidentiary and instructional errors at trial required that the judgment against her be set aside. The Appellate Session agreed with parts of these claims of error. On the basis of reversible evidentiary error, it ordered a new trial with respect to the counts of criminal mischief and interference with a police officer. *State* v. *Duhan,* 38 Conn. Sup. 665, 669–72, 460 A.2d 496 (1982). Determining that there was insufficient evidence to support any conviction with regard to count one, the Appellate Session ordered the entry of a judgment of not guilty of disorderly conduct. The Appellate Session considered separately the two subsections of the disorderly conduct statute which the defendant had been charged with violating, and decided that there was sufficient evidence neither of "violent, tumultuous or threatening" behavior under § 53a-182 (a) (1) nor of "unreasonable noise" under § 53a-182 (a) (3). Id., 667–69. The state's appeal from that judgment challenges only the Appellate Session's conclusion that there was insufficient evidence to convict the defendant of violation of § 53a-182 (a) (3) relating to "unreasonable noise."

I

Before we can address the substantive merits of the Appellate Session's interpretation of § 53a-182 (a) (3), there are two procedural obstacles that we must confront. Did the defendant properly present a claim to the Appellate Session for review of the sufficiency of the evidence to convict her of disorderly conduct, when the defendant herself now states that her claim arises out of the trial court's denial of her motion for acquittal at the end of the state's case? Can the state properly seek review in this court of the sufficiency of the evidence to support a conviction under one subsection of the disorderly conduct statute, when the state itself now concedes that there was insufficient evidence to warrant conviction under the other subsection, and neither the trial court's instructions nor the jury's verdict of guilty enable us to ascertain the basis of that verdict? Although both of these procedural issues are troublesome, we conclude that, in the circumstances of this case, they do not foreclose our substantive inquiry.

The first procedural issue concerns the propriety of the defendant's appeal to the Appellate Session from the denial of her motions for judgment of acquittal in the trial court. The Appellate Session considered this claim, which raised the sufficiency of the evidence to support the conviction of disorderly conduct, without expressly discussing how that claim had been presented in the trial court. The state did not then maintain that normal consideration of the claim of error was inappropriate. Now, however, the state calls to our attention the representation in the defendant's brief in this court that her motion of acquittal was made "after the State's case."

The state argues that no appeal can be taken from the denial of a motion for acquittal at the close of the

state's case if the defense has thereafter introduced evidence in its own behalf. That appears to be the federal rule. *McGautha* v. *California,* 402 U.S. 183, 215, 91 S. Ct. 1454, 28 L. Ed. 2d 711 (1971), reh. denied, 406 U.S. 978, 92 S. Ct. 2407, 32 L. Ed. 2d 677 (1972); *United States* v. *Calderon,* 348 U.S. 160, 164 and n.1, 75 S. Ct. 186, 99 L. Ed. 202 (1954); 2 C. Wright, Federal Practice & Procedure § 463 (1982). It was also our rule under the Practice Book provisions that previously governed criminal procedure. *State* v. *Brown,* 172 Conn. 531, 532–33, 375 A.2d 1024, cert. denied, 434 U.S. 847, 98 S. Ct. 153, 54 L. Ed. 2d 114 (1977); *State* v. *L'Heureux,* 166 Conn. 312, 324, 348 A.2d 578 (1974); *State* v. *Boucher,* 119 Conn. 436, 437, 177 A. 383 (1935); Maltbie, Conn. App. Proc. (2d Ed. 1957) § 212. We have not had the occasion to determine whether our new rules of criminal procedure, which became effective on July 1, 1978; Practice Book §§ 882 through 885; continue to support the position that a defendant is compelled to choose between presenting no evidence and waiving her right to have the state itself establish its case against her.

We need not decide today whether to respond to the growing criticism of the waiver rule. *Cephus* v. *United States,* 324 F.2d 893, 895–98, 117 U.S. App. D.C. 15 (1963); *State* v. *Simpson,* 64 Hawaii 363, 370–72, 641 P.2d 320 (1982); *Commonwealth* v. *Cote,* 15 Mass. App. 229, 241 n.8, 444 N.E.2d 1282 (1983); comment, "The Motion for Acquittal: A Neglected Safeguard," 70 Yale L.J. 1151 (1961); Wright, op. cit., 646–48; contra ABA Standards for Criminal Justice (2d Ed. 1979) § 15-3.5. In this case, the defendant renewed her motion for acquittal after the trial court's acceptance of the jury verdict against her. At oral argument in this court, the state agreed that, in the light of this renewed motion, we may appropriately undertake a plenary review of the evidentiary underpinnings of the state's case.

The second procedural issue arises out of the duality of the charges against the defendant under the one count of the information charging her with disorderly conduct. In response to a request for a bill of particulars, the state notified the defendant that she was being held to answer for two subsections of § 53a-182, subsection (a) (1) charging "violent, tumultuous or threatening behavior," and subsection (a) (3) charging "unreasonable noise." The trial court instructed the jury in the disjunctive, on both subsections, although, as the Appellate Session held and the state now concedes, there was insufficient evidence to sustain a conviction under subsection (a) (1). The issue before us is whether, in light of the absence of any indication of the subsection upon which the jury relied in finding the defendant guilty of disorderly conduct, count one must now be dismissed in its entirety, even though there may be sufficient evidence to sustain the conviction under subsection (a) (3).

It is the state which, as the appellant, has brought this issue to our attention. The state urges us to disavow *State* v. *Marino,* 190 Conn. 639, 650–51, 462 A.2d 1021 (1983), in which we stated: "Where a person may have been convicted under more than one statutory alternative, the judgment cannot be supported unless the evidence was sufficient to establish guilt under each statutory provision which the trier may have relied upon." The state urges us to hold, instead, that a finding of guilty can always be sustained if there is sufficient evidence of any one of several alternatives charged conjunctively in the information. We do not agree with the state's proposition in the unconditional manner in which it is asserted. As we held in *State* v. *Reid,* 193 Conn. 646, 667 n.22, 480 A.2d 463 (1984), "[although] the state [may] sustain its burden of proving the offense by presenting sufficient evidence upon any one of several alternative statutory grounds without the necessity of proving all of those alleged . . . [i]t is error for

a court to submit to a jury as a basis for a conviction any statutory alternative ground unsupported by the evidence." We conclude, nonetheless, that, in the procedural posture of this case, the state is correct.

At no time prior to the appeal to this court has the defendant interposed any objection to separate consideration of the merits of the "unreasonable noise" charge. In the trial court, the defendant challenged the sufficiency of the evidence at two junctures, first at the close of the state's case, and then at the time when the trial court had accepted the jury's verdict. In neither of these motions did the defendant make any distinction between the evidence as it pertained to subsection (a) (1) and subsection (a) (3) of the disorderly conduct statute. The defendant made no motion concerning the sufficiency of the evidence at the end of the presentation of all of the evidence, nor did she request the trial court to charge out any of the statutory alternatives contained in the information and the bill of particulars. Although the trial court submitted both subsections to the jury in the alternative, the defendant took no exception to the instructions to the jury on this ground. The defendant's inaction thus failed to alert the trial court to its duty to consider whether it might be submitting to the jury a charge on which there was insufficient evidence. See *State* v. *Cofone,* 164 Conn. 162, 168, 319 A.2d 381 (1972). Further, the defendant never asked that the jury be polled, when it returned its verdict, to clarify the basis on which the defendant was convicted of disorderly conduct. See *State* v. *Carter,* 189 Conn. 611, 629, 458 A.2d 369 (1983). In her appeal to the Appellate Session, the defendant argued that she was not guilty of violating either subsection of § 53a-182. She did not then assert that her conviction could not be supported if there was not sufficient evidence under either subsection (a) (1) or subsection

(a) (3). The defendant therefore has failed to raise any procedural claim that would foreclose our review of the sufficiency of the evidence under subsection (a) (3).

Many criminal statutes are written in the disjunctive. It would be entirely unreasonable to require the state in all instances to prove the sufficiency of the evidence of guilt under each statutory alternative before a conviction could be sustained. The defendant can reasonably be asked to assume at least part of the burden of alerting the trial court to the desirability of narrowing the issues that are to be submitted to the jury in the event of evidentiary insufficiency.

## II

We turn then to the merits of the state's claim that, contrary to the holding of the Appellate Session, there was sufficient evidence at trial to warrant the defendant's conviction of disorderly conduct under § 53a-182 (a) (3). In examining the evidence there presented, we must determine " 'whether the jury could have reasonably concluded, upon the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established guilt beyond a reasonable doubt.' " *State* v. *Stepney,* 191 Conn. 233, 255, 464 A.2d 758 (1983), cert. denied, 465 U.S. 1084, 104 S. Ct. 1455, 79 L. Ed. 2d 772 (1984); *State* v. *Gabriel,* 192 Conn. 405, 421, 473 A.2d 300 (1984); *State* v. *Nemeth,* 182 Conn. 403, 410, 438 A.2d 120 (1980).

The jury could reasonably have found the following facts on the basis of the state's presentation of its case. On October 11, 1980, at approximately 9 p.m., Officer James Engle of the New Milford police department responded to a complaint about a fight occurring on Railroad Street in New Milford. Upon arriving at the scene, Engle observed a fight involving several people, including the defendant. One of those involved

was immediately placed under arrest. Uncertain about whether to make additional arrests, Engle asked the defendant to ride to the New Milford police station with another officer so that the police could further investigate the circumstances surrounding the fight. The defendant agreed to do so. When she arrived at the police station at about 9:20 p.m., she was asked to sit in the office of secretary Katherine Halgowich, which was located towards the rear of the station.

The defendant, who appeared to have been drinking, soon became loud and belligerent. She repeatedly cursed all those around her. The defendant's screaming could be heard at the front desk, where Engle was working, as well as elsewhere in the building. The defendant's shouting interrupted the work of the station, which was very busy that night because of the Railroad Street fight. Other officers who would normally have been at the station were at the hospital with one of those injured in the fight or were otherwise assisting with the investigation of what had occurred. Both Engle and the defendant's mother tried repeatedly and unsuccessfully to calm the defendant down. Finally, at about 9:50 p.m., Engle placed the defendant under arrest for disorderly conduct. Her resistance to Engle's attempt to remove her to the women's detention room led to the events which resulted in the other charges against the defendant, which we need not repeat since they are irrelevant to this appeal.

This evidence was sufficient, if the jury chose to accept it, to prove that the defendant's conduct was both unreasonably noisy and disruptive. In light of the testimony that the defendant had repeatedly been asked to calm herself, a jury could legitimately conclude that her behavior was either intentional or reckless, as § 53a-182's preamble requires.

The state's case was not substantially undermined by the evidence presented on behalf of the defendant. The jury was entitled to disbelieve the testimony of the defendant and her mother that the defendant had been an innocent bystander at the original fracas and had merely inquired, at the police station, about the reason for her continued detention.

The defendant does not seriously dispute that this evidence, viewed either at the end of the state's case, or at the end of the presentation of all of the evidence, provided a factual basis for a jury finding that she had repeatedly and loudly screamed obscenities while at the New Milford police station on October 11, 1980. Such behavior, she contends, does not suffice to establish the crime of disorderly conduct, because that crime requires a further assessment of her behavior to take account of its time, place and circumstances. This claim has two components. The defendant maintains that she is not guilty of disorderly conduct because: (1) her behavior took place in a private section of the police station, not readily accessible to the public, and therefore not in a public place, as the statute requires; and (2) her behavior was not unusual at a police station, and therefore was not unreasonable or disruptive.[2] We find neither argument persuasive.

---

[2] We note that the defendant has raised no constitutional issue in this case, although disorderly conduct statutes prohibiting "unreasonable noise" have been challenged elsewhere on constitutional grounds of vagueness and overbreadth. A number of courts have limited the scope of such statutes to avoid constitutional confrontation. See, e.g., State v. Martin, 532 P.2d 316, 317–22 (Alaska 1975); People v. Fitzgerald, 194 Colo. 415, 419–20, 573 P.2d 100 (1978); State v. New, 421 N.E.2d 626, 627–29 (Ind. 1981); Commonwealth v. A Juvenile, 368 Mass. 580, 587–99, 334 N.E.2d 617 (1975); Commonwealth v. Mastrangelo, 489 Pa. 254, 260–62, 414 A.2d 54, appeal dismissed, 449 U.S. 894, 101 S. Ct. 259, 66 L. Ed. 2d 124 (1980); State v. Tavarozzi, 446 A.2d 1048, 1051–53 (R.I. 1982). A statute quite similar to ours, except for its limitation to conduct in a public place, has been held constitutional in People v. Bakolas, 59 N.Y.2d 51, 449 N.E.2d 738, 462 N.Y.S.2d 844 (1983); see 3 American Law Institute, Model Penal Code and Commentaries § 250.2, esp. pp. 344–47 (1980).

Whether the crime of disorderly conduct can be committed only in a public place is a question that must be answered by reference to the language of the governing statutory provision. Our former disorderly conduct statute, General Statutes § 53-175 (1958), imposed penal sanctions upon anyone who "annoys or interferes with any person in any place." *State* v. *Sweeney,* 157 Conn. 485, 488–89, 255 A.2d 622 (1969). Currently, the relevant statute, § 53a-182, expressly refers to "a public place" only in subsection (a) (6), relating to unlawful congregation, and not in subsection (a) (3), relating to "unreasonable noise."[3] We have no warrant for interpolating into a criminal statute a requirement it does not now contain. All of the precedents requiring a public place upon which the defendant relies are interpretations of statutes which contain some explicit condition of place, either "in any place" or "in a public place." *State* v. *Petty,* 24 Conn. Sup. 337, 340, 190 A.2d 502 (1962), cert. denied, 375 U.S. 848, 84 S.Ct. 102, 11 L. Ed. 2d 75 (1963); *State* v. *Robinson,* 23 Conn. Sup. 430, 431, 184 A.2d 188 (1962); *People* v. *Bakolas,* 59 N.Y.2d 51, 54, 449 N.E.2d 738, 462 N.Y.S.2d 844 (1983); *People* v. *Benders,* 63 Misc. 2d 572, 574–76, 312 N.Y.S.2d 603 (1970); *People* v. *St. Clair,* 90 App. Div. 239, 242, 86 N.Y.S. 77, rev'd on other grounds, 179 N.Y. 578, 72 N.E. 1147 (1904). Such precedents cannot advance the defendant's argument. Under § 53a-182 (a) (3), disorderly conduct may occur in a place that is not public.

The defendant's alternate argument, which is more cogent, urges us to conclude, as did the Appellate Session, that, viewed in its totality, the defendant's conduct did not meet the statutory requirement that "with

---

[3] In other provisions of the statutes, when the legislature has intended to impose a requirement that a crime be committed in a public place, it has also done so expressly. See General Statutes § 53a-181, which defines breach of the peace to include various proscribed acts, including, in subsection (a) (5), "in a public place [using] abusive or obscene language or [making] an obscene gesture."

intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof" she had made "unreasonable noise." The Appellate Session held that the evidence was insufficient to sustain the defendant's conviction of disorderly conduct for two reasons. First, relying on its recent decision in *State* v. *Nelson*, 38 Conn. Sup. 349, 448 A.2d 214 (1982), the court held that the statute does not make culpable obscenities directed at a police officer "unless accompanied by threatening behavior or done in the presence of other persons likely to be incited to violence. The rationale behind this rule is that police officers, owing to their training and experience, should exercise a higher degree of restraint than ordinary citizens." *State* v. *Duhan*, 38 Conn. Sup. 665, 668, 460 A.2d 496 (1982). Second, the court found an absence of evidence that the defendant "intended by her acts 'to cause inconvenience, annoyance or alarm' to any persons . . . ." Id., 669.

We agree with the defendant that, in order to determine whether her conduct was such as to constitute "unreasonable noise," it is important to take into consideration the time and the place at which the noise was made. We also agree that, in order to determine whether the defendant caused "inconvenience, annoyance or alarm," it is important to take account of the reasonable capacity of the complainant to ignore momentary, trivial or inconsequential annoyances. We disagree, however, that these are necessarily questions of law rather than of fact. It was for the jury, with proper instructions, to consider all the relevant circumstances of time and place and complainant. The fact that the defendant's conduct occurred in a police station, and that many of her noisy outbursts were directed at a police officer, cannot provide immunity as a matter of law.[4] In this case, a jury had the right to conclude, on the basis of the evidence presented, that

---

[4] It is to be noted that *State* v. *Nelson*, 38 Conn. Sup. 349, 448 A.2d 214 (1982), upon which the Appellate Session relied, arose not under the disor-

her yelling and cursing repeatedly interrupted and hence substantially inconvenienced the operations of a busy police station. In light of the repeated requests to the defendant to calm herself, a jury could further conclude that the defendant's conduct, if not intentional, manifested reckless indifference to the disturbance she was creating. Her conduct was disorderly not because of the language she used but because the noise she made could be found by a jury to be unreasonably disturbing in the particular time, place and circumstances where it occurred. See *Vela* v. *White,* 703 F.2d 147, 152–53 (5th Cir. 1983); cf. *People* v. *Harvey,* 307 N.Y. 588, 592, 123 N.E.2d 81 (1954). That is the type of conduct which falls within the statute, and the evidence was sufficient to establish that conduct.

We therefore conclude that the Appellate Session was in error when it ordered the entry of a judgment of not guilty of disorderly conduct. The judgment of guilty on count one nevertheless cannot be reinstated because of the evidentiary rulings in the trial court which the Appellate Session determined to be erroneous. The state concedes that these evidentiary errors require a new trial with respect to all of the remaining counts, including count one.

There is error, the judgment of the Appellate Session is set aside as to count one and the case is remanded to the Appellate Court[5] with direction to remand to the trial court for a new trial on count one.[6]

In this opinion the other judges concurred.

derly conduct statute but under the breach of the peace statute, General Statutes § 53a-181. As we indicated at footnote 3, supra, these statutes, while they penalize conduct which is similar, contain preconditions which are significantly different. See also *State* v. *Beckenbach,* 1 Conn. App. 669, 677–80, 476 A.2d 591 (1984), for a useful limitation on the scope of *State* v. *Nelson.*

[5] Appeals formerly filed in the Appellate Session of the Superior Court have been transferred to the Appellate Court by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3; General Statutes § 51-197a.

[6] We note that the Appellate Session itself ordered a new trial on counts two and three; that order is not before us.