GLICKSTEIN, Judge,
concurring.
At trial, the following occurred:
Q. Mr. Bergin, after you and your brother went back to that location to look at the truck, what did you do?
A. I made a decision that I didn’t want no part of the truck, period.
Q. Why not?
A. Because I knowed — I personally knowed the truck was stolen. I mean, I buy eight or ten trucks a week.
Defense counsel objected and moved for a mistrial. The objection was sustained, but the motion was denied. Out of the jury’s hearing, the witness was instructed not to give his opinion. The jury returned and were instructed as to the fact that the witness was not qualified to give his opinion because that was an invasion of the jury’s province.
It is well established that the opinion of a witness on a fact in issue is not admissible where the jury is as well qualified as the witness to form an opinion on the subject, and nonexpert witnesses ordinarily are required to confine their testimony to facts and are not permitted to give their opinions and conclusions. Thomas v. State, 317 So.2d 450 (Fla. 3d DCA 1975). In Mills v. State, 367 So.2d 1068 (Fla. 2d DCA 1979), the defendant was convicted of first degree murder and aggravated battery. The question before the Second District was whether the trial court erred in admitting the opinion testimony of a nonexpert witness and if so, does it require a reversal. It held that it did. The defendant had relied upon a theory of self-defense. A non-expert witness was improperly allowed to state his opinion that the defendant did not shoot in self-defense. In reversing the appellate court particularly noted that the opinion was directed to an ultimate issue, as happened in the present case.
However, the present case is distinguishable from Mills. Here, the objection was sustained and a curative instruction given. These two facts are absent in Mills. The whole point of a cautionary instruction is to cure any possible prejudicial effect resulting from the testimony.