## STATE OF CONNECTICUT *v.* SCOTT SOLTES
## (7210)
## (7874)

DUPONT, C. J., DALY and NORCOTT, Js.

Argued October 13—decision released December 12, 1989

*Elaine M. Scanlon,* with whom, on the brief, was *Howard T. Owens, Jr.,* for the appellant (defendant).

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Mary M. Galvin,* state's attorney, and *Michael J. Weber, Jr.,* deputy assistant state's attorney, for the appellee (state).

Dupont, C. J. In these combined appeals, the defendant appeals from the judgment following the convictions by a jury on several criminal charges. He also appeals from a subsequent judgment of the trial court revoking his prior probation because the court determined that he had violated the terms of the probation as a result of the convictions.

The defendant was charged with assault in the second degree, assault in the third degree, threatening, disorderly conduct, breach of the peace and reckless endangerment, and was found guilty of all charges except the last. He did not dispute the facts underlying the state's charges, but instead relied solely on a defense of mental disease or defect pursuant to General Statutes § 53a-13.

The dispositive issue on the appeal is whether the court erred in excluding the testimony of the defendant's mother as a lay witness. Her testimony was offered to show the defendant's mental condition at the time the offenses were committed. We hold that the testimony should have been admitted.

Under § 53a-13 (a), insanity is an affirmative defense, and the defendant bears the burden of proving by a preponderance of the evidence; General Statutes § 53a-12 (b); that, as a result of mental disease or defect, he or she, at the time the offenses were committed, lacked substantial capacity "either to appreciate the wrongfulness of his conduct or to conform that conduct to the requirements of the law." General Statutes § 53a-13 (a).

"It is well settled that a nonexpert witness may testify as to his impression of another's mental or emotional state if that opinion is reliable and based on the witness's observations." *State* v. *Spigarolo,* 210 Conn. 359, 371, 556 A.2d 112, cert. denied,    U.S.   , 110 S. Ct. 322, 107 L. Ed. 2d 312 (1989); see *Wolk* v. *Wolk,* 191 Conn. 328, 330, 464 A.2d 780 (1983); *State* v. *Palozie,* 165 Conn. 288, 298–99, 334 A.2d 468 (1973); *State* v. *McGinnis,* 158 Conn. 124, 130–31, 256 A.2d 241 (1969). The tests regarding the admissibility of a nonexpert opinion include whether the evidence is relevant, and whether the witness is competent. *State* v. *Spigarolo,* supra. The decision as to the admissibility of such testimony is within the discretion of the trial court and will be reversed only if the court has abused that discretion. Id., 374–75.

A parent is clearly a person who is uniquely able to observe her or his child, and that testimony, based on first hand knowledge and observations of the child, would be competent. "A parent is always competent to testify as to a child's mental, physical or emotional state at a given time." *State* v. *Duhan,* 38 Conn. Sup. 665, 670–71, 460 A.2d 496 (1982), rev'd. on other grounds, 194 Conn. 347, 481 A.2d 48 (1984); see also *State* v. *Palozie,* supra, 299. In this case, the testimony

of the defendant's mother was also relevant because the primary issue for the jury was whether the defendant suffered from a mental disease or defect.

Here, the defendant sought to introduce his mother's testimony to show genetic, family illnesses that he alleged were medically linked to his mental condition. The court refused to admit that testimony. The excluded lay testimony, had it been admitted, might well have been sufficient to allow the defendant to prove his insanity by a preponderance of the evidence. Therefore, depriving him of the right to present this potentially crucial testimony was tantamount to curtailing his ability to defend himself. The mother's testimony should have been admitted, and to exclude it was an abuse of discretion. Having thus been denied the right fully to present his defense, the defendant is entitled to a new trial.

Although we need not reach another claim of error, the claim that the trial court erred in granting the state's oral motion for sequestration, we will address that issue because it may recur on retrial.[1] General Statutes § 54-85a provides: "In any criminal prosecution, the court, upon motion of the state or the defendant, shall cause any witness to be sequestered during the hearing on any issue or motion or any part of the trial of such prosecution in which he is not testifying." That section mandates that, in a criminal case, a sequestration motion by either the defense or prosecution *shall*

---

[1] The defendant also raises several other claims of error. He argues that the trial court erred in excluding the testimony of a rebuttal witness, in qualifying a particular state's witness as an expert, in "extensively" examining the defendant's key witness, in making "detailed inaccurate and prejudicial comments on the evidence during the jury charge," and in failing to order a presentence investigation of the defendant prior to imposing sentence for the violation of probation and the criminal convictions. These issues need not be discussed because they are not likely to recur on retrial.

be granted. *State* v. *Arroyo,* 13 Conn. App. 687, 693, 539 A.2d 581, cert. denied, 208 Conn. 805, 545 A.2d 1103 (1988); see also Practice Book § 876 (providing for sequestration).

Because the state's motion did not specify particular witnesses to be sequestered, the court directed the sequestration of all witnesses, both defense and prosecution. The defendant therefore characterizes that order as having been issued sua sponte and argues that the court erred in issuing a blanket sequestration order. He argues that Practice Book § 876 requires that the motion be directed to "any witness," apparently interpreting those words to require the movant to name specific witnesses.

The interpretation suggested by the defendant would strain the natural meaning of the words of § 876 and violate the directive of § 54-85a. It is unlikely that either the statute or the rule of practice would have been drafted to refer to "any witness" if they had been intended to require that a *specific* witness be named. We read those sections to mean that a sequestration order *shall* be granted with respect "to anyone the mover wishes to have sequestered" or "to any or all witnesses." The oral motion for sequestration of unspecified witnesses was, therefore, reasonably interpreted by the trial court as a motion for sequestration of *all* witnesses, and the court's blanket order was not a sua sponte action but a response to the motion.

The defendant further argues that the court erroneously applied the sequestration order to his *expert* witness. Expert witnesses are not excepted under either the rule of practice or the statute and may be sequestered. *State* v. *Falby,* 187 Conn. 6, 27, 444 A.2d 213 (1982). The reason for sequestration of witnesses, namely, to prevent the shaping of the testimony of one

witness on the basis of the testimony of another witness, is applicable to medical expert witnesses as well as to other witnesses, even in cases involving insanity as a defense. Id., 26–27. We conclude that there was no error in the sequestration order.

The defendant further argues that if the underlying criminal convictions are reversed, the judgment of probation revocation must also be reversed. The reason stated by the probation department, in its motion to terminate the defendant's probation, was: "Soltes currently has pending charges in G.A. 5, under docket # CR 5-69103 of Assault 2d, Breach of Peace (2 counts), Reckless Endangerment 1st, and Threatening. Should he be found guilty of any of the charges he will be found in Violation of Probation." The finding by the court of a probation violation rested upon the conviction of the defendant on those underlying criminal charges. Cf. *State* v. *Smith,* 18 Conn. App. 368, 370 n.1, 558 A.2d 257 (1989). Because we now set aside the judgment of conviction on those charges, the judgment of a probation violation must also be reversed.

Finally, the defendant contends that even if his convictions were not set aside, the court erred in revoking his probation because the revocation hearing was initiated by a motion by the department of adult probation rather than by an arrest warrant supported by an affidavit or sworn testimony. See *State* v. *Baxter,* 19 Conn. App. 304, 312 n.8, 563 A.2d 721 (1989). This claim is premature. It is not now known whether the defendant will be found guilty or not guilty by reason of mental disease or defect. Thus it cannot be known if the defendant will be charged with a violation of probation or, if so, whether that charge will be initiated by motion of a probation officer or by an arrest warrant. We, therefore, do not address this issue.

There is error, the judgment of conviction is set aside and the case is remanded for a new trial; the judgment of violation of probation is set aside.

In this opinion the other judges concurred.