STATE OF CONNECTICUT *v.* SCOTT SOLTES
(13905)

PETERS, C. J., SHEA, GLASS, HULL and BORDEN, Js.

Argued May 31—decision released July 17, 1990

*Timothy J. Sugrue,* deputy assistant state's attorney, with whom, on the brief, were *Mary M. Galvin,* state's attorney, and *Michael J. Weber,* deputy assistant state's attorney, for the appellant (state).

*Elaine M. Scanlon,* with whom, on the brief, was *Howard T. Owens, Jr.,* for the appellee (defendant).

PER CURIAM. The defendant was charged with the crimes of assault in the second degree, assault in the third degree, threatening, disorderly conduct, breach of the peace and reckless endangerment in the first degree, and was found guilty by a jury on all charges except the last. He did not dispute the facts underlying the state's charges, but instead relied on a defense of mental disease or defect.

At trial, the defense sought to introduce testimony by the defendant's mother concerning genetic, family illnesses that he claimed were medically linked to his mental condition. The trial court excluded the testimony. On appeal, the Appellate Court set aside the judgment and remanded the case for a new trial. *State v. Soltes,* 20 Conn. App. 342, 566 A.2d 1374 (1989). Because the trial court's ruling appeared to have been based upon the order of testimony of the defense witnesses (the mother's testimony initially preceded the defense expert's testimony), we granted certification limited to the following issue: "Did the Appellate Court err in holding that the trial court abused its discretion by excluding the testimony of the defendant's mother as to whether her 'other children suffer from any physical ailments, any medical problems' prior to any evidence that the defendant suffered from a genetic mental disorder?" Upon further review of the transcript, however, we have concluded that the trial court also ruled to exclude the testimony on the independent ground that the mother was a nonexpert witness. It is to this basis for the exclusion that the Appellate Court's opinion is addressed. We are in agreement with the views expressed by the Appellate Court on that subject in its opinion, and it would serve no useful purpose to repeat that court's discussion here. Thus, we have concluded that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.