STATE OF CONNECTICUT *v.* DEBORAH SZYMKIEWICZ
(12807)

O'CONNELL, LAVERY and SCHALLER, Js.

Argued October 31, 1994—decision released January 17, 1995

*Scott M. Jones,* deputy assistant public defender, for the appellant (defendant).

*Mitchell S. Brody,* assistant state's attorney, with whom, on the brief, were *C. Robert Satti, Sr.,* state's attorney, and *Theresa Ferryman,* deputy assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of breach of the peace in violation of General Statutes § 53a-181 (a) (1).[1] The jury acquitted the defendant of larceny in the sixth degree.

The defendant claims that the evidence was insufficient to support the conviction (1) because her conduct consisting solely of speech is not proscribed by the statute, and (2) because her conduct did not occur in a public place. We reverse the trial court's judgment.

The genesis of this case was the defendant's shopping trip to the Waterford Stop & Shop Supermarket. At the checkout counter, Kim Montigny, a store detective, asked the defendant to accompany her to the store manager's office on the mezzanine. Once there, Montigny accused the defendant of shoplifting two bags of seafood and a container of cocktail sauce. While in the manager's office, the defendant became loud and abusive, resulting in a call to the police.

Waterford police officer Mark Willard responded and, after observing the defendant's behavior, arrested her for shoplifting and breach of the peace. He handcuffed the defendant, and he and Montigny led the defendant down the stairs and out of the store.

When asked to cooperate and quiet down, the defendant responded, "Fuck you," several times. The record

---

[1] General Statutes § 53a-181 (a) provides: "A person is guilty of breach of the peace when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior in a public place . . . ."

is not clear as to the defendant's exact location at any of the various times that she used that language.

While being led down the stairs from the manager's office, the defendant addressed Montigny, saying, "You fucking bitch. I hope you burn in hell for all eternity."

Montigny also testified that while they were descending the stairs the defendant made a threatening remark to her. The record does not disclose the nature of the threat.[2]

The defendant claims that the evidence was insufficient to support the conviction. In reviewing a sufficiency of the evidence claim, this court first reviews " ' "the evidence presented at trial, construing it in the light most favorable to sustaining the facts expressly found by the trial court or impliedly found by the jury." ' " *State* v. *Gomez*, 225 Conn. 347, 350, 622 A.2d 1014 (1993). The court then determines whether, on the facts thus established and the inferences drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established the defendant's guilt beyond a reasonable doubt. Id.; *State* v. *Lewis*, 220 Conn. 602, 606, 600 A.2d 1300 (1991); *State* v. *Jarrett*, 218 Conn. 766, 770–71, 591 A.2d 1225 (1991).

The defendant contends that because her conduct consisted solely of language, it is not within the ambit of subdivision (1) of § 53a-181 (a). It is not disputed that the defendant did not engage in any physical conduct.

The state argues that the defendant's language constitutes "fighting words" and thus is not protected speech under the first amendment to the United States constitution. *Chaplinsky* v. *New Hampshire*, 315 U.S. 568, 572, 62 S. Ct. 766, 86 L. Ed. 1031 (1942). We do

---

[2] We note that the defendant was handcuffed at the time the unspecified threatening remark was made.

not consider constitutional issues, however, unless they are absolutely necessary to the decision of the case. *State* v. *Mention*, 12 Conn. App. 258, 262, 530 A.2d 645, cert. denied, 205 Conn. 809, 532 A.2d 78 (1987). Because this appeal can be determined by construing the breach of the peace statute, we will not address the constitutional "fighting words" issue.

A person violates § 53a-181 (a) (1) if he "[e]ngages in fighting or in violent, tumultuous or threatening behavior . . . ." The issue is whether words alone constitute a violation of this subdivision.

This is not a case of first impression. We have construed the words "violent or threatening behavior" in this statute to mean "conduct which actually involves physical violence or portends imminent physical violence." *State* v. *Lo Sacco*, 12 Conn. App. 481, 491, 531 A.2d 184, cert. denied, 205 Conn. 814, 533 A.2d 568 (1987). In *Lo Sacco*, we reversed the defendant's conviction because his conduct was solely verbal.

We also look to judicial construction of the parallel provisions of the statute prohibiting disorderly conduct. General Statutes § 53a-182 (a) (1).[3] The elements of the relevant subdivisions of the two statutes are identical except that the breach of the peace statute concerns behavior in a public place. In *State* v. *Indrisano*, 228 Conn. 795, 811, 640 A.2d 986 (1994), which was decided subsequent to the trial in the present case, our Supreme Court reviewed the Connecticut cases and concluded that the "core of prohibited conduct, as gleaned from the statutory language and its authoritative judicial gloss, is *physically* violent and *physically* tumultuous or threatening behavior." (Emphasis in original.)

---

[3] General Statutes § 53a-182 (a) (1) provides: "A person is guilty of disorderly conduct when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) Engages in fighting or in violent, tumultuous or threatening behavior . . . ."

"The term 'fighting,' by its plain meaning, involves physical force. The phrase 'violent, tumultuous or threatening behavior' also refers to physical action. If two or more words are grouped together, it is possible to ascertain the meaning of a particular word by reference to its relationship with other associated words and phrases under the doctrine of noscitur a sociis. 2A J. Sutherland, Statutory Construction (5th Ed. Sands 1992) § 47-16; State v. Roque, [190 Conn. 143, 152, 460 A.2d 26 (1993)]. Applying this doctrine, the Appellate Court, in State v. Lo Sacco, supra, [12 Conn. App. 491] construed 'violent or threatening behavior'; General Statutes § 53a-181a (a); to mean 'conduct which actually involves physical violence or portends imminent physical violence.' Id., 491. Similarly, in State v. Duhan, 38 Conn. Sup. 665, 668, 460 A.2d 496 (1982), rev'd on other grounds, 194 Conn. 347, 481 A.2d 48 (1984), the Appellate Session of the Superior Court read the term 'tumultuous' in connection with its surrounding words, 'violent' and 'threatening,' and held that, because its meaning should be ascertained by reference to those associated words, 'yelling and cursing unaccompanied by violent behavior is not prohibited by' § 53a-182 (a) (1). In accordance with these decisions, we conclude that the terms 'fighting' and 'violent' lend an aspect of physicality to the more nebulous terms 'tumultuous' and 'threatening.' Thus, we conclude that subdivision (1) of § 53a-182 (a) prohibits physical fighting, and physically violent, threatening or tumultuous behavior." State v. Indrisano, supra, 228 Conn. 811–12.

Our case law is clear that § 53a-181 (a) (1) requires proof of physical conduct, and, therefore, there was insufficient evidence to support the conviction in this case.[4] Because our decision on the defendant's first

[4] We note that subdivision (5) of General Statutes § 53a-181 (a) expressly prohibits "abusive or obscene language" in a public place. Query as to whether the legislature intended that verbal conduct be prosecuted under this subdivision rather than under subdivision (1)?

claim is dispositive of the appeal, we do not reach her second claim.

The judgment is reversed and the case is remanded with direction to render judgment of not guilty of breach of the peace.

In this opinion the other judges concurred.