IN RE DAVON M.*
(6347)

STOUGHTON, NORCOTT and FOTI, Js.

Argued September 20—decision released October 25, 1988

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Stephen P. Hanchuruck,* for the appellant (respondent).

*Carl J. Schuman,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Judith Merrill Earl,* assistant attorney general, for the appellee (petitioner).

*Antonio C. Robaina,* for the minor child.

NORCOTT, J. The principal issue raised in this appeal is whether the trial court erred in terminating the parental rights of the respondent for failure to rehabilitate himself within the meaning of General Statutes § 17-43a. Specifically, the respondent claims that the trial court relied on definitions of "rehabilitation" and "personal rehabilitation" that do not reflect the changes in § 17-43a effected by Public Acts 1983, No. 83-478.[1] We do not agree.

---

[1] General Statutes (Rev. to 1983) § 17-43a provided in pertinent part: "TERMINATION OF PARENTAL RIGHTS OF CHILD COMMITTED TO COMMISSIONER. (a) In respect to any child committed to the commissioner of children and youth services in accordance with section 46b-129, either the commissioner, or the attorney who represented such child in the prior commitment proceeding, or an attorney appointed by the superior court on its own motion, or an attorney retained by such child after attaining the age of fourteen may petition the court for the termination of parental rights with reference to such child, including the right to petition the court for the revocation of the commitment of the child. The superior court upon hearing and notice, as provided in sections 45-61d and 45-61f, may grant such petition if it finds, upon clear and convincing evidence, that over an extended period of time, which, except as hereinafter provided in this subsection, shall not be less than one year: . . . *(2) the parents have failed to achieve any such degree of personal rehabilitation as would reasonably encourage the belief that at some future date they could assume a responsible position in their child's life . . . .*" (Emphasis added.)

General Statutes § 17-43a, as amended, provides in pertinent part: "TERMINATION OF PARENTAL RIGHTS OF CHILD COMMITTED TO COMMISSIONER. (a) In respect to any child committed to the commissioner of children and youth services in accordance with section 46b-129, either the commissioner, or the attorney who represented such child in the prior commitment proceeding, or an attorney appointed by the superior court on its own motion, or an attorney retained by such child after attaining the age of fourteen

Our review of this case discloses that the trial court properly considered the statutory criteria of personal rehabilitation within the meaning of General Statutes § 17-43a (b) (2).[2] See generally *In re Migdalia M.,* 6 Conn. App. 194, 207, 504 A.2d 532, cert. denied, 199 Conn. 809, 508 A.2d 770 (1986). As the trial court duly acknowledged in its thoughtfully detailed memorandum of decision, the amendment of § 17-43a affected only the length of time a parent has to rehabilitate himself, not the meaning of the term "rehabilitation." The respondent's claim that the statutory amendment affected the definition of the term "rehabilitation" is without merit.

The respondent also contends that the determination of what constitutes a reasonable time for rehabilitation

---

may petition the court for the termination of parental rights with reference to such child, including the right to petition the court for the revocation of the commitment of the child . . . .

"(b) The superior court upon hearing and notice, as provided in sections 45-61d and 45-61f, may grant such petition if it finds, upon clear and convincing evidence, that the termination is in the best interest of the child and that . . . with respect to any nonconsenting parent, over an extended period of time, which, except as provided in subsection (c) of this section, shall not be less than one year: . . . *(2) the parents of a child who has been found by the superior court to have been neglected or uncared for in a prior proceeding have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, they could assume a responsible position in the life of the child* . . . ." (Emphasis added.)

[2] The respondent is correct that the trial court relied on two separate definitions of "rehabilitation" and "personal rehabilitation" in its memorandum of decision. The court concluded that the definition of "personal rehabilitation" as "the restoration of a parent to his . . . former constructive and useful role as a parent"; *In re Migdalia M.,* 6 Conn. App. 194, 203, 504 A.2d 532 (1986); was narrower than the definition of "rehabilitation" set forth in *In re Juvenile Appeal (84-3),* 1 Conn. App. 463, 477, 473 A.2d 795, cert. denied, 193 Conn. 802, 474 A.2d 1259 (1984), namely, the restoration of a person "to a useful and constructive place in society through social rehabilitation." We fully agree with the trial court, however, that under the facts of this case the petitioner, the department of children and youth services, met its burden under either definition.

within the meaning of the statute is a question of law and not one of fact, as the trial court found. This claim has no support in the law. Our Supreme Court, to the contrary, has consistently held that reasonableness is a question of fact. See *State* v. *Duhan,* 194 Conn. 347, 359, 481 A.2d 48 (1984); *Peterson* v. *Oxford,* 189 Conn. 740, 745–47, 459 A.2d 100 (1983); *Rene Dry Wall Co.* v. *Strawberry Hill Associates,* 182 Conn. 568, 573, 438 A.2d 774 (1980). Furthermore, it is untenable to construe the statutory language here, which requires "consideration of the age and needs of the child," as having a fixed legal meaning.

Our limited function on appeal is to determine whether the trial court's conclusion was legally correct and factually supported. *In re Shavoughn K.,* 13 Conn. App. 91, 98, 534 A.2d 1243 (1987), cert. denied, 207 Conn. 805, 540 A.2d 374 (1988); *In re James T.,* 9 Conn. App. 608, 617, 520 A.2d 644 (1987). We conclude that the trial court appropriately considered the relevant statutory criteria, and that its findings were amply supported by clear and convincing evidence pursuant to General Statutes § 17-43a (b).

There is no error.

In this opinion the other judges concurred.