IN RE CHRISTINE A. ET AL.*
(6507)

DALY, NORCOTT and FOTI, Js.

Argued October 10—decision released November 14, 1989

*Sara R. Martin,* for the appellant (respondent mother).

*Judith Merrill Earl,* assistant attorney general, with whom were *Susan T. Pearlman,* assistant attorney

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 2026, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

general, and, on the brief, *Clarine Nardi Riddle,* attorney general, for the appellee (petitioner).

PER CURIAM. The respondent mother appeals from the judgment of the trial court terminating her parental rights, pursuant to General Statutes § 17-43a, with respect to her two minor children, Christine and Martha A., born March 14, 1971,[1] and April 11, 1978, respectively. She claims that the trial court erred in concluding that there was sufficient evidentiary support for its findings (1) that the respondent failed to demonstrate that she had been personally rehabilitated to the extent that she would be able to assume, within a reasonable time, a responsible position in the lives of her children and (2) that, by her acts of commission or omission, she had denied the children the care, guidance or control necessary for their physical, educational, moral or emotional well-being. We disagree and find no error.

The facts relevant to this appeal are undisputed. In July, 1984, the minor girls, Christine and Martha A., were adjudicated uncared for and committed to the department of children and youth servies (DCYS) after their father was arrested for sexually abusing Christine. The respondent mother was homeless at that time and living with friends for as long as they would allow, then moving on. She subsequently became involved, pursuant to the advice of DCYS, with sporadic and unsuccessful attempts at outpatient therapy at the Connecticut Mental Health Center and the Hospital of St. Raphael. The girls have been in foster care since April, 1984.

---

[1] We note that as of the date of oral argument in this appeal Christine A. had reached the age of eighteen.

On October 6, 1986, DCYS filed petitions, pursuant to General Statutes § 17-43a (b),[2] to terminate the parental rights of the respondents. The father, who was incarcerated at the time, consented to the termination. After a full hearing on September 21, 1987, the trial court terminated the parental rights of the mother as well.

The essence of the respondent's appeal is that the evidence presented to and relied upon by the trial court to support its findings was insufficient. Our role on review is solely "to determine whether the trial court's

[2] General Statutes § 17-43a (b) (2) provides in pertinent part that the trial court may grant a petition to terminate parental rights if it finds, upon clear and convincing evidence, that "the parents of a child who has been found by the superior court to have been neglected or uncared for in a prior proceeding have failed to achieve such degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, they could assume a responsible position in the life of the child . . . ."

In determining whether termination of parental rights is warranted, the trial court must comply with the requirements of General Statutes § 17-43a (d) which provides: "the court shall consider and shall make written findings regarding: (1) The timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent; (2) the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order; (3) the feelings and emotional ties of the child with respect to his parents, any guardian of his person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties; (4) the age of the child; (5) the efforts the parent has made to adjust his circumstances, conduct, or conditions to make it in the best interest of the child to return him to his home in the foreseeable future, including, but not limited to, (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child; and (6) the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent."

conclusion was legally correct and factually supported. *In re Shavoughn K.,* 13 Conn. App. 91, 98, 534 A.2d 1243 (1987), cert. denied, 207 Conn. 805, 540 A.2d 374 (1988); *In re James T.,* 9 Conn. App. 608, 617, 520 A.2d 644 (1987)." *In re Davon M.,* 16 Conn. App. 693, 696, 548 A.2d 1350 (1988).

Both parties concede that the trial court filed a complete and legally sound memorandum of decision incorporating the facts found and setting forth legal conclusions made in conformity with the applicable law. We conclude that the legal conclusions found therein are correct and factually supported.

There is no error.