[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On August 29, 1996, the plaintiff, First Federal Savings and Loan Association of Rochester (hereinafter "First Federal") CT Page 1425 commenced this foreclosure action against the defendants, Janet Kijanko/Komar and Mark Kijanko (hereinafter "Janet K." and "Mark K."). First Federal amended its complaint on October 17, 1996. Mark K. filed an answer and special defenses on November 29, 1996, which were amended on May 19, 1997. First Federal moved to strike Mark K.'s special defenses on September 22, 1997. The court, Murray, J., granted the motion to strike as to the first and third special defenses, but denied the motion as to the second special defense by decision dated January 6, 1998.
On June 24, 1998, First Federal moved for summary judgment against Mark K. as to liability. Mark K. filed an opposing memorandum on September 25, 1998, and on October 12, 1998, First Federal filed a reply to his objection to its motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ."Scrapchansky v. Plainfield, 226 Conn. 446, 450, 627 A.2d 1329
(1993). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Maffucci v.Royal Park Ltd. Partnership, 243 Conn. 552, 555, 707 A.2d 15
(1998). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Alterations in original; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202, 663 A.2d 1001 (1995). See also,Associates Financial Services of America. Inc. v. Sorenson,46 Conn. App. 721, 732, 700 A.2d 107 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Hertz Corp. v. Federal Insurance Co.,245 Conn. 374, 381, ___ A.2d ___ (1998). "A defendant's motion for summary judgment is properly granted if it raises at least CT Page 1426 one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529, 543,494 A.2d 555 (1985).
First Federal argues that summary judgment should be granted in their favor because the second special defense is legally insufficient because it fails to state a legally valid defense to a foreclosure action. Mark K. argues that this issue has already been decided by the court, Murray, J., in its January 6, 1998 decision on First Federal's motion to strike and therefore the law of the case precludes First Federal from raising this issue again.
"The law of the case . . . is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . . Nevertheless, if the case comes before him regularly and he becomes convinced that the view of the law previously applied . . . was clearly erroneous and would work a manifest injustice if followed, he may apply his own judgment." (Internal quotation marks omitted.) State v. Arena, 235 Conn. 67, 80,663 A.2d 972 (1995). See also Miller v. Krishner, 225 Conn. 185, 191,621 A.2d 1326 (1993); Campbell v. Romaine, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144241 (March 31, 1998, D'Andrea, J.). "[W]here a matter has been previously decided in an interlocutory ruling, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if he is of the opinion that the issue was correctly decided in the absence of some new or overriding circumstance." Campbell v. Romaine, supra, Superior Court, Docket No. 144241.
First Federal had previously moved to strike Mark K.'s special defenses. The court, Murray, J., held that, although the first and third special defenses could not withstand the motion to strike, the second special defense based on promissory estoppel was legally sufficient. First Federal Savings LoanAssociation of Rochester v. Kijanko, Superior Court, judicial district of Waterbury, Docket No. 134780 (January 6, 1998,Murray, J.). The court held that "based on [the] limited CT Page 1427 authority [available] and recognizing that a foreclosure action sounds in equity, this court is of the opinion that the equitable defense of promissory estoppel as pleaded here is legally sufficient to stand an evidentiary test." Id.
First Federal argues that the "law of the case" doctrine is not applicable because the motion before the court is a motion for summary judgment rather than a motion to strike. First Federal argues that surviving a motion to strike is not the same as prevailing on the merits.
However, the issue of the legal sufficiency of the second special defense was previously decided by the court, Murray, J., and therefore, that decision is the law of the case, particularly in light of the fact that First Federal has failed to put forward any new argument that the second special defense is legally insufficient. Instead, First Federal's arguments in its motion for summary judgment mirror its arguments in its motion to strike, which failed. Consequently, First Federal is precluded from rearguing this issue to the court.
"Under the law of contract, a promise is generally not enforceable unless it is supported by consideration."D'Ulisse-CuPo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213, 520 A.2d 217 (1987). An exception to the general rule, however, has been recognized. "Section 90 of the Restatement Second states that under the doctrine of promissory estoppel `[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.' A fundamental element of promissory estoppel, therefore, is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance. Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all." Id. See also Wellington Systems,Inc. v. Redding Group, Inc., 49 Conn. App. 152, 162, 714 A.2d 21, cert. denied, 247 Conn. 905, ___ A.2d ___ (1998).
"Under our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change CT Page 1428 its position in reliance on those facts, thereby incurring some injury." Connecticut National Bank v. Voog, 233 Conn. 352, 366,658 A.2d 172 (1995); Wellington Systems. Inc. v. Redding Group, Inc., supra, 49 Conn. App. 162.
In support of summary judgment, First Federal argues that there was no promise which Mark K. could have relied upon. First Federal submits an affidavit from Ms. Lynne M. Ruberto, the Assistant Secretary of Marine Midland Mortgage Corp.[1] in support of its argument. Ms. Ruberto attests that, after carefully reviewing the records, she "found to [sic] record or notation that a duly authorized employee or agent of the Plaintiff (which includes First Federal Savings and Loan Association of Rochester) promised Mark Z. Kijanko that he would be released from his obligations under the Note and the Mortgage." (Plaintiff's Memorandum in Support of Summary Judgment, Exhibit B, ¶ 5.)
Mark K. argues that there is a genuine issue of material fact as to whether or not a promise was made upon which he relied. In support of his allegations that a promise was made, he submits an affidavit from himself. In the affidavit, Mark K. attests that he contacted First Federal several times prior to quitclaiming the property over to his wife, that he could not have transferred his interest in the property without the permission of First Federal without causing the subject note to be in default, that First Federal's representatives said they would not declare any default because of the transfer and would remove Mark K.'s name from the subject note, and that in reliance on these representations, Mark K. transferred his interest in the subject property to his wife. (Counter Affidavit of the Defendant, Mark Kijanko, in Opposition to Plaintiff's Motion for Summary Judgment, ¶¶ 4, 5, 7.)
Clearly, the two affidavits create a genuine issue of material fact as to whether or not a promise exists that Mark K. could have relied upon. First Federal's affidavit merely attests to the fact that there was no notation in its records of a promise that Mark K. would be released from his obligations under the note and mortgage. However, Mark K. attests that he spoke with several representatives of First Federal and that he was told his name would be removed from the note and mortgage. These two statements are contrary, as a result, there is a genuine issue as to whether or not a promise existed.
First Federal argues that, even if a promise was made to Mark CT Page 1429 K., he could not have relied on such promise. First Federal argues that Mark K. did not change his position on any promise of First Federal because the transfer of the property constituted the fulfillment of an existing obligation under a judgment of divorce and, therefore, the transfer was not in reliance on any statement of First Federal. In support of its argument, First Federal submits a copy of the judgment of divorce and the annexed stipulated agreement.
Mark K. argues that he transferred his interest in the subject property in reliance on the promises made by First Federal. Mark K. argues that he would not have transferred the property but for the promises made by First Federal. He argues that instead he would have sought modification of the judgment of divorce. (Counter Affidavit of the Defendant, Mark Kijanko, In Opposition to Plaintiff's Motion for Summary Judgment, ¶ 10.)
Under the doctrine of promissory estoppel, the promisee's reliance on the promise must be reasonable. "A fundamental element of promissory estoppel . . . is the existence of a clear and definite promise which a promisor could reasonably have expected to induce reliance." (Emphasis added.) D'Ulisse-Cupo v.Board of Directors of Notre Dame High School, supra,202 Conn. 213. "Under a promissory estoppel theory, a party may maintain a claim for damages based upon a promise which induces the party's action or forbearance, if such action or forbearance is undertaken in reasonable reliance upon the promise." (Emphasis added.) Finley v. Aetna Life Casualty Co., 202 Conn. 190, 205,520 A.2d 208 (1987), overruled on other grounds, Curry v. Burns,225 Conn. 782, 786, 626 A.2d 719 (1993).
"[R]easonableness [however] is a question of fact for the trier to determine based on all of the circumstances." WilliamsFord, Inc. v. Hartford Courant Co., 232 Conn. 559, 580,657 A.2d 212 (1995). See also State v. Duhan, 194 Conn. 347, 359-60,481 A.2d 48 (1984) (It was for the jury . . . to consider all the relevant circumstances of time and place and complainant.");Peterson v. Oxford, 189 Conn. 740, 745-47, 459 A.2d 100 (1983) (An easement must be used reasonably. . . . The determination of reasonableness is for the trier of fact."); Rene Dry Wall Co. v.Strawberry Hill Associates, Inc., 182 Conn. 568, 573,438 A.2d 774 (1980) ("In determining whether the owner has met the statutory requirements of good faith and reasonableness, the trial court is making a finding of fact."); In re Davon M.,16 Conn. App. 693, 696, 548 A.2d 1350 (1988) ("Our Supreme Court, to CT Page 1430 the contrary, has consistently held that reasonableness is a question of fact.").
First Federal argues that Mark K. could not have relied on any of its promises as a matter of law. However, the question whether or not Mark K. could have reasonably relied on any promises made by First Federal is an issue of fact that is for the jury to decide, not the court. The issue of reasonableness is properly left for the jury to decide. Id.
For the foregoing reasons, the plaintiff's motion for Summary Judgment is denied.
_________________ WEST, J.