IN RE GARY B. ET AL.*
(AC 20822)

Schaller, Dranginis and Stoughton, Js.

Argued April 24—officially released October 16, 2001

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

*Bradford J. Chaucer*, for the appellant (respondent father).

*Steven G. Vitelli*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Opinion*

DRANGINIS, J. The respondent father appeals from the judgments of the trial court terminating his parental rights with respect to his two minor children.[1] The respondent claims that the court improperly found that (1) the department of children and families (department) had made reasonable efforts to reunite him with his children, and (2) the commissioner of children and families (commissioner) proved by clear and convincing evidence that the respondent had failed to achieve a sufficient degree of personal rehabilitation pursuant to General Statutes (Rev. to 1999) § 17a-112 (c) (3)

---

[1] On March 10, 2000, the children's mother failed to appear for the trial on the petitions for the termination of her parental rights with respect to the two minor children. Her parental rights thereafter were terminated in an oral decision read from the bench on the grounds of abandonment and failure to achieve a sufficient degree of personal rehabilitation. Only the respondent father has appealed from the judgments. We therefore refer to him in this opinion as the respondent.

(B), now (j) (3) (B). We affirm the judgments of the trial court.

The following facts and procedural history are relevant to the respondent's appeal. On December 15, 1995, the commissioner filed neglect petitions on behalf of the children. The petitions alleged that the children's mother chronically abused substances, failed to provide stable or adequate housing and left the children in the care of inappropriate caregivers. On April 11, 1996, the children were committed to the care and custody of the commissioner. At the time of the 1996 removal, the respondent was incarcerated for the sale of narcotics and was not released until July, 1998. On June 4, 1998, the court concluded that reunification efforts with the parents were no longer appropriate. On September 27, 1998, the respondent filed a motion seeking to vacate the June 4, 1998 finding. He sought to reinstate the requirement that the department make reasonable efforts to reunify him with the children. On October 21, 1998, the respondent had the motion marked off the short calendar. On May 13, 1999, the respondent was reincarcerated for violating the terms of his probation. He is currently serving a six year sentence and has a potential discharge date of May 12, 2002.

On June 16, 1999, the court approved the permanency plan for the children, which recommended termination of parental rights. On July 1, 1999, the commissioner filed petitions for the termination of the respondent's parental rights on behalf of the children. On March 10, 2000, the court granted the petitions. This appeal followed.

"Our standard of review on appeal from a termination of parental rights is whether the challenged findings are clearly erroneous. *In re Christina V.*, 38 Conn. App. 214, 223, 660 A.2d 863 (1995). The determinations reached by the trial court that the evidence is clear and

convincing will be disturbed only if [any challenged] finding is not supported by the evidence and [is], in light of the evidence in the whole record, clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 221–22, 435 A.2d 24 (1980). *In re Juvenile Appeal (84-3)*, 1 Conn. App. 463, 478, 473 A.2d 795, cert. denied, 193 Conn. 802, 474 A.2d 1259 (1984). *In re Luis C.*, [210 Conn. 157, 166, 554 A.2d 722 (1989)].

"On appeal, our function is to determine whether the trial court's conclusion was legally correct and factually supported. *In re Michael M.*, [29 Conn. App. 112, 121, 614 A.2d 832 (1992)]; *In re Megan M.*, 24 Conn. App. 338, 342, 588 A.2d 239 (1991); *In re Davon M.*, 16 Conn. App. 693, 696, 548 A.2d 1350 (1988). We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached; *Pandolphe's Auto Parts, Inc.* v. *Manchester*, [supra, 181 Conn. 222]; nor do we retry the case or pass upon the credibility of the witnesses. *In re Christine F.*, 6 Conn. App. 360, 366–67, 505 A.2d 734, cert. denied, 199 Conn. 808, 809, 508 A.2d 769, 770 (1986). Rather, on review by this court every reasonable presumption is made in favor of the trial court's ruling. *State* v. *Jones*, 205 Conn. 638, 660, 534 A.2d 1199 (1987). *In re Kezia M.*, 33 Conn. App. 12, [17], 632 A.2d 1122, cert. denied, 228 Conn. 915, 636 A.2d 847 (1993); *In re Felicia D.*, 35 Conn. App. 490, 499, 646 A.2d 862, cert. denied, 231 Conn. 931, 649 A.2d 253 (1994). . . . *In re Eden F.*, 48 Conn. App. 290, 309, 710 A.2d 771 [(1998), rev'd on other grounds, 250 Conn. 674, 741 A.2d 873 (1999)]." (Internal quotation marks omitted.) *In re Sheila J.*, 62 Conn. App. 470, 476–77, 771 A.2d 244 (2001).

"A hearing on a petition to terminate parental rights consists of two phases, adjudication and disposition. *In re Tabitha P.*, 39 Conn. App. 353, 360, 664 A.2d 1168 (1995). In the adjudicatory phase, the trial court determines whether one of the statutory grounds for

termination of parental rights [under General Statutes (Rev. to 1999) § 17a-112 (c), now (j)] exists by clear and convincing evidence. If the trial court determines that a statutory ground for termination exists, it proceeds to the dispositional phase. In the dispositional phase, the trial court determines whether termination is in the best interests of the child." (Internal quotation marks omitted.) *In re Sheena I.*, 63 Conn. App. 713, 720–21, 778 A.2d 997 (2001).

## I

The respondent first claims that the court improperly concluded that the requirements of § 17a-112 (c) (1), now (j) (1), had been satisfied. Specifically, he argues that the court improperly found that the department was relieved of the responsibility to prove by clear and convincing evidence that it had made reasonable efforts to reunify him with the children.

Termination of parental rights cannot occur absent strict compliance with the criteria set forth by statute. *In re Amanda A.*, 58 Conn. App. 451, 454–55, 755 A.2d 243 (2000). Prior to granting a petition for the termination of parental rights, § 17a-112 (c) (1), now (j) (1), requires the court to find, by clear and convincing evidence, that the department has made reasonable efforts to locate the parent and to reunify the children with the parent. A court need not make that finding, however, if the evidence establishes that the parent is unable or unwilling to benefit from reunification efforts or if the court determines at a hearing pursuant to General Statutes § 17a-110 (b) or General Statutes § 17a-111b that such efforts are inappropriate. General Statutes (Rev. to 1999) § 17a-112 (c) (1), now (j) (1).

The court stated in its response to the commissioner's motion for articulation: "The court concluded under General Statutes § 17a-112 (c) (1) [now (j) (1)] that a finding of reunification efforts by clear and convincing

evidence was not required because the court had determined at a hearing pursuant to subsection (b) of § 17a-110 . . . that such efforts are not appropriate . . . ." (Internal quotation marks omitted.) On June 4, 1998, and on February 7, 2000, the court made findings that further efforts at reunification between the respondent and the children were not required because the respondent had failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the children, he could assume a reasonable position in the life of the children. General Statutes (Rev. to 1999) § 17a-112 (c) (3) (B), now (j) (3) (B).

Our review of the record discloses that the court correctly concluded by clear and convincing evidence that it was not required to make a finding that the department had made reasonable reunification efforts because the court had determined at prior hearings pursuant to § 17a-110 that such efforts were not appropriate. We cannot characterize the court's findings and conclusions as either legally incorrect or not factually supported.

## II

The respondent next claims that the court improperly terminated his parental rights on the ground of failure to achieve a sufficient degree of personal rehabilitation. We disagree.

Failure of a parent to achieve a sufficient degree of personal rehabilitation is one of the statutory grounds on which a court may terminate parental rights pursuant to § 17a-112. General Statutes (Rev. to 1999) § 17a-112 (c) (3) (B), now (j) (3) (B). That ground exists when a parent of a child whom the court has found to be neglected fails to achieve such a degree of rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, the

parent could assume a responsible position in the life of that child.

"Personal rehabilitation as used in the statute refers to the restoration of a parent to his or her former constructive and useful role as a parent. . . . [Section 17a-112] requires the trial court to analyze the [parent's] rehabilitative status as it relates to the needs of the particular child, and further, that such rehabilitation must be foreseeable within a reasonable time. . . . [The statute] requires the court to find, by clear and convincing evidence, that the level of rehabilitation [he] has achieved, if any, falls short of that which would reasonably encourage a belief that at some future date [he] can assume a responsible position in [his] child's life. . . . *In re Eden F.*, [250 Conn. 674, 706, 741 A.2d 873 (1999)]. This court recently explained that in assessing rehabilitation, the critical issue is not whether the parent has improved [his] ability to manage [his] own life, but rather whether [he] has gained the ability to care for the particular needs of the child at issue. . . . *In re Shyliesh H.*, [56 Conn. App. 167, 180, 743 A.2d 165 (1999)]." (Internal quotation marks omitted.) *In re Sarah Ann K.*, 57 Conn. App. 441, 448, 749 A.2d 77 (2000). A court's determination "that the evidence is clear and convincing that the parent has not rehabilitated [himself] will be disturbed only if that finding is not supported by the evidence and [is], in light of the evidence in the whole record, clearly erroneous." (Internal quotation marks omitted.) *In re Tabitha T.*, 51 Conn. App. 595, 602–603, 722 A.2d 1232 (1999).

The respondent was incarcerated in 1995 and released in July, 1998. The children have been in the department's care since February, 1996. Upon the respondent's release in 1998, the department provided supervised visitation. Three visits took place (November and December, 1999, and January, 2000); however, the respondent arrived late for each visit and, according

to the department, interacted poorly with the children. The respondent was also provided clinically supervised visitation by Southern Connecticut State University. For those visits, he also was late, interacted poorly and exhibited little interest or improvement in his ability to parent the children.

The court considered the services made available to the respondent and stated: "[T]here is an effort to comply by [the respondent] in part. But he never really finished anything. He started but he did not finish. . . . The [respondent] tried, but he did not make a sustained effort to conform his conduct to the acceptable parenting standards. Giving him additional time will not likely bring his performance as a parent within acceptable standards sufficient to make it in the best interests of the children to be reunited." We conclude, therefore, that the court's finding that the respondent had failed to achieve a sufficient degree of personal rehabilitation was fully supported in the record.

The judgments are affirmed.

In this opinion the other judges concurred.